# West Philadelphia Passenger Railway Company *versus* Gallagher.

1. It is not contributory negligence *per se*, for a passenger to ride on the lower step of the front platform of a crowded street car without objection by the driver or conductor.

2. A boy under fourteen got upon the lower step of the front platform of a crowded street car and rode for a long distance as a passenger, holding on with but one hand. He was finally knocked off by the jolting of the car, run over and injured. In an action against the street car company to recover damages:
    *Held*, that the questions of negligence and contributory negligence, taking into consideration the age and capacity of the lad, were both for the jury.

3. The absence of a guard or fender on the front platform of a street car is a fact which may be taken into consideration with other facts in determining the question of the company's negligence. The court will not, however, say, as a matter of law, that it is negligence on the part of the company not to furnish such a guard.

4. In the above case the court instructed the jury that if they were of opinion that the existence of a fender or guard would have prevented the accident, they were at liberty to find that the company was negligent in failing to provide it.
    *Held*, that this was error, as it was tantamount to saying that it was the duty of the company to provide the fender or guard.

January 27th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of July Term, 1884, No. 48.

This was an action on the case, by James S. Gallagher, a minor, by his next friend, Rudolph Steinle, against the West Philadelphia Passenger Railway Company, to recover damages for personal injuries, caused by the alleged negligence of the company defendant. Plea, not guilty.

On the trial, before ARNOLD, J., the following facts appeared:

The plaintiff, a boy under fourteen years, got on a car of the defendant company, which was very much crowded. He took a

position on the lower step of the front platform, holding on by only one hand, with his left foot on the step and the right one on the platform; in this position he rode for twenty-two squares with safety, but when near his destination lost or let go his hold, and losing his balance, on reaching the ground fell, so that his leg got under the wheel, was crushed, and necessarily had to be amputated near the knee joint. The car was a two-horse one, and the driver collected the fares. It had no guard or fender to the front platform, and at the time of the accident was travelling at a rapid rate of speed over a portion of the road on the down grade, which made the car rock; the testimony of plaintiff's witnesses was to the effect that the car was going no faster than ordinarily for that part of the road in the open country, and that while the car rocked it was the usual rocking motion at that rate of speed.

The court charged the jury, *inter alia,* as follows:

" In this case it is alleged that the plaintiff is under the age of fourteen years. In that case, the case of a minor under fourteen, the question is properly submitted to the jury to inquire whether he has that knowledge, experience, and discretion which would inform him of the danger of the position he was in, and call from him the same care and precaution that would be expected of a person of mature years. Therefore, I say to you upon that point, if you find that the boy had enough knowledge and discretion and experience to know he occupied a place of danger, and that he voluntarily occupied it, then he would be charged with contributory negligence, and upon his part being guilty of contributory negligence, and chargeable with it, he cannot recover from the company. I, therefore, refer to you the question whether or not the boy was of sufficient strength of mind to know the danger he assumed, and whether he assumed that danger voluntarily. . . . .

" But if he were pushed off by the ordinary pressure of a crowd of passengers upon the car, or the efforts of passengers to get off at the terminus, that being the ordinary and usual pressure that might be expected in a crowded car, then the company would be liable in having omitted the precautions that a company ought to take to protect its passengers situated such as this boy was on this day. . . . .

" There is another point in the case which is the vital point, I think, in the case. That relates to the question of a gate or guard or fender, or, as it is called, a screen. The courts have not gone so far as to say as a matter of law that it the duty of a railroad company to put gates or screens upon the front platforms of cars, but they have said that the absence of gates, fenders or screens is a fact to be taken into consideration by the jury in determining whether or not there has been any

carelessness or omission of care on the part of the railroad company. If, therefore, you are of the opinion that a fender or guard put upon that car, or, if upon that car on that day, would have prevented this accident, and that there was no guard or fender there, then you are at liberty to say that the company was careless in omitting to have it. I refer to the jury to say as a matter of fact whether the absence of a guard contributed in any way to the injury of the plaintiff. I refer that fact for you to determine."

Verdict for the plaintiff for $8000, and judgment thereon. Whereupon defendant took this writ, assigning for error, *inter alia*, that portion of the charge above cited.

*Rufus E. Shapley,* for plaintiff in error.—It is not negligence *per se* for a street railway to use cars with open front platforms: Hestonville Pass. Ry. Co. *v.* Connell, 7 Norris, 520; Hestonville Pass. Ry. Co. *v.* Kelley, 6 Outerbridge, 115.

The courts have never gone so far as to say that as matter of law, it is the duty of a railroad company to put gates or screens upon the front platforms of cars, yet the language of the court below was tantamount to such a ruling.

*L. C. Cleemann and Pierce Archer,* for the defendant in error.—In determining the question of negligence, while the absence of fenders or gates to the front platforms of cars is not negligence as matter of law, yet the fact that it was not so inclosed is a matter proper to be considered, in connection with the other facts of the case, in determining whether the railroad company was guilty of negligence in not having them: Phila. City Pass. Ry. Co. *v.* Hassard, 25 P. F. S., 367; Crissey *v.* Hestonville Ry. Co., Id. 83; Pitts, All. and Manch. P. Ry. Co. *v.* Caldwell, 24 Id., 421; Sheridan *v.* Brooklyn and New Town R. R. Co., 36 N. Y., 39; Clark *v.* R. R., Id., 135; Meesel *v.* Lynn & Boston R. R. Co., 8 Allen (Mass.) Rep., 234; Germ. Pass. Ry. Co. *v.* Walling, 1 Out., 55. Where the measure of duty varies, requiring a higher degree of care in some cases than others, and where both the duty and the extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence: McCully *v.* Clarke, 4 Wright, 406; Penna. Canal Co. *v.* Bentley, 16 P. F. S., 30; West Chester and Phila. R. R. Co. *v.* McElwee, 17 Id., 311. A child is not held to the same degree of care as an adult: Rauch *v.* Lloyd, 7 Casey, 358; Penna. R. R. Co. *v* Kelly, Id., 372; Smith *v.* O'Connor, 12 Wright, 218; Oakland R. W. Co. *v.* Fielding, Id., 320; Glassey *v.* Pass. Ry. Co., 7 P. F. S., 172; Kay *v.* Penna. R. R. Co., 15 Id., 269.

Mr. Justice TRUNKEY delivered the opinion of the Court, March 16th, 1885.

There is little conflict of testimony respecting the number of passengers on the car at the time the plaintiff was hurt. The person who acted as conductor says there were between forty-five and fifty, eight or nine of whom were on the front platform. Passengers, whether called by the plaintiff or defendant, agree that the car was crowded, and that more might have got on—the conductor thinks he could have shoved on seventy and then it would have been pretty well packed. He also testifies that eight or ten boys were on the car, and that he saw none of them standing on the step of the front platform, nor on the platform itself except in the door. While the car ran from Forty-first street to Sixty-second, the plaintiff stood on one of the front steps, and either the crowd or something else kept him from the conductor's view. Had the conductor seen him he might have considered it his duty, under the rules of the company, to have placed him in a position of greater safety. It appears that the rocking motion of the car was increased by the platforms being loaded with passengers; also that the car at the time of the accident was running down grade, quite as fast as the usual rate of speed when the passengers could all be seated. One of the witnesses who had been a driver on that road, says the rocking was not unusual with a loaded car, but was unusual with a car not so heavily loaded. The front platform was without gates or fenders. The plaintiff was nearly thirteen years and two months old.

The fact that the front platform was not enclosed with a screen or fender is a matter proper to be considered with other facts in the case, in determining whether or not the defendant was guilty of negligence in allowing the front door to remain open, and the front platform to be crowded with passengers, some of whom were children. It was the duty of the defendant to exercise reasonable care and vigilance to carry the plaintiff safely. If on account of the plaintiff's age and inexperience, he was incapable of taking proper care of himself, the defendant was bound to exercise the highest care and vigilance necessary and proper to secure his safety: Phil. City Pass. Railway Co. v. Hassard, 75 Pa. St., 367. These principles apply to the duty of passenger railway companies in relation to passengers, and are not militated by rulings in cases where children got on or attempted to get on the front platforms, under circumstances which, had they been of mature age, would have shown them both trespassing and negligent, and which showed no negligence on the part of the companies.

There is no absolute rule as to what constitutes negligence. Where a higher degree of care is demanded under some cir-

cumstances than under others, when the standard shifts with the circumstances of the case, when both the duty and the extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence and whether it has been proven: Crissey *v.* Railway Co., 75 Pa. St., 83. Where concurrent negligence is alleged, a child will not be held to the exercise of the same degree of care and discretion as an adult. The law does not presume that an infant is responsible for negligence until after he arrives at fourteen years of age: Nagle *v.* Railroad Co., 88 Pa. St. 35.

It has been ruled in this and other states that it is not negligence *per se* for a passenger to ride on the front platform of a crowded car, with consent of the driver or conductor. Why should negligence be imputed to him? The railway companies invite passengers to get on, receive the fare, and thus hold out the platform as a safe place for passengers. That it is as safe as inside the car, nobody pretends. But the carrier who receives the passenger, and the compensation for carrying him, does not allege contributory negligence in the passenger for taking the place, provided he alleges that the place is safe, with due care and vigilance. Then, the carrier is bound to higher care and vigilance when the platform is crowded with passengers in proportion as that place is more dangerous than a seat inside the car. And the passenger on his part must exercise proper care under the particular circumstances. A boy may have much intelligence and discretion for one of his age, and still should not be held to the measure of care that ought to be exercised by a man of ordinary judgment.

Where the evidence warrants a finding that the passenger, a boy, rode two miles on the step of the front platform without having been seen by the conductor, the platform full of passengers, the car going at the usual speed of one not overloaded, and the rocking motion so great as to attract the attention of numerous passengers, the case is one for the jury to determine whether the company exercised due care under the circumstances. And this, aside from the testimony of the boy himself, respecting the pushing or jostling against him by the crowd from the time he got on the car until his fall. But his testimony was for consideration of the jury. The learned judge of the Common Pleas committed no error in refusing to charge that "upon the whole evidence in this case the verdict must be for the defendants."

With a single exception we are of opinion that the defendant (plaintiff in error) has no ground to complain of the rulings of the court below; and that exception is the instruction set out in the third assignment, which must be sustained. After stating that it has been ruled that the absence of gates, or

[Brooke *v.* N Y., Lake Erie and West. R. R. Co.]

fenders or screens is a fact to be taken into consideration by the jury in determining the question of negligence on the part of the defendant, the court charged: "If, therefore, you are of opinion that a fender or guard put upon that car, or, if upon that car on that day, would have prevented this accident, and that there was no guard or fender there, then you are at liberty to say that the company was careless in omitting to have it. I refer it to the jury to say as a matter of fact whether the absence of a guard contributed in any way to the injury of the plaintiff. I refer that fact to you to determine."

No guard was there, or claimed to have been there. Had one been on the platform, likely it would have prevented the accident. Its absence was a fact to be considered with other facts in the case, in determining what care and vigilance the defendants ought to have exercised. Were the platform so guarded that it would be as safe to ride there as inside, there would be no call for greater care when occupied by passengers. The instruction to the jury was that if they were of opinion that a fender or guard on the platform would have prevented the accident, they were at liberty to say the company was careless in omitting to have it. If the company was careless by reason of that omission, the omission was negligence, and it was the duty of the company to have placed the guard on the platform. The instruction was the equivalent of saying, as a matter of law, that it was the duty of the company to have the platform guarded by a fender or screen. Unless such was their duty, the jury were not at liberty to say the company was careless by omitting to have the platform guarded. The absence of gates or screens is as patent to the passenger as to the carrier. Neither the street railway companies nor the public have deemed the platforms so unsafe that a man of ordinary prudence would not ride thereon when the car is full inside. The Court will not say, as a matter of law, that it is in itself negligence in the carrier not to place a guard on the platform of a horse-car, or in a passenger to stand on the open platform: Germantown Pass. Railway Co. *v.* Walling, 97 Pa. St., 55.

> Judgment reversed and *venire facias de novo* awarded.