215      82
34 SC  395

Byron v. Central Railroad of New Jersey, Appellant.

*Negligence—Railroads—Crossing—Infant.*

In an action by a boy twelve years of age against a railroad company to recover damages for personal injuries sustained at a railroad crossing after dark, it appeared that there were no lights at the crossing, and that the train which struck the boy was a special train not running on a regular schedule. The engine was running with the tender in front, and there was evidence that the usual signals were not given as the train approached the crossing. The boy's presumption of incapacity to appreciate the danger was not conclusively overcome by the defendant's testimony. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued April 12, 1906. Appeal, No. 119, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., May T., 1902,

No. 496, on verdict for plaintiff in case of Thomas Byron, by his next friend and father, Thomas J. Byron, and Thomas J. Byron in his own right as father of Thomas Byron v. Central Railroad of New Jersey.    Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before WHEATON, J.

At the trial it appeared that on March 4, 1903, plaintiff was injured at a grade crossing in Newport township.

The facts relating to the circumstances of the accident are stated in the opinion of the Supreme Court.

Plaintiff presented the following point:

1. There is not sufficient evidence in this case to so conclusively rebut the presumption that Thomas Byron, one of the plaintiffs' twelve years and two days old at the time of the accident on March 4, 1902, that the court should decide the question as one of law; but in view of the evidence, and especially of the prevailing condition of darkness, absence of signals, light on the tender and engine, and it running backwards, the jury should determine the fact under proper instructions from the court.    *Answer:* I affirm that point and I have tried to give you those instructions.    The point suggests to me that perhaps I have not dealt quite so fully as I might have done, upon the testimony concerning the darkness and the absence of light and the rate of speed and the fact the engine was backing down, but I take it for granted that you will take all those things into consideration—you heard this evidence—in reaching a conclusion as to what the truth of the matter is. [1]

Defendant presented these points:

3. That according to the testimony of the plaintiff, Thomas Byron, he stopped within a few feet of the track, looked both ways and listened for an approaching train and heard and saw nothing; that he immediately stepped on the track, saw the tender approaching, tried to back off and was struck by the tender and had his foot crushed.    Under the undisputable testimony there was nothing to obstruct the sight of the approaching train or to prevent its being heard; therefore, the plaintiff cannot recover in this action, and the verdict must be for the defendant.    *Answer:* I decline to affirm that point.    In

determining what the capacity of this boy was—and these points suggest this to me—in determining what he knew about the surroundings there, so as to find out whether he fully appreciated the danger, which is apparently indicated by the fact that he was struck so immediately when he went on the track, you will take into account the testimony of the father that this boy had been at school since he was six years old; the further fact, if you believe it to be a fact, that he was at that time a rugged, healthy, normal boy, good sight, good hearing, nothing the matter with him; the testimony, if you believe it, that he daily, for some time—at least a year prior to this accident—crossed back and forth on his way from his home to school and from school to his home, over this crossing; the testimony which he gave himself, that when he got close to the crossing—within three steps—he stopped, looked and listened. You will take into account the testimony of Johnny Barrett, who was with him—I think it was the Barrett boy—who said that when they stopped there Tommy Byron said, " listen, be still, may be the engine will be coming," or words to that effect: I have not got it exactly but it amounted to about that. All that you will take into account as bearing upon the question of whether he knew there was danger there, and whether he knew the particular danger which came to him was likely to be there, and whether he had capacity to understand that and avoid it, and neglected to so act. [2]

4. That under all the evidence the verdict must be for the defendant. *Answer :* I refuse to affirm that point. I have left this case to you to determine upon the facts of it. I do not believe the evidence concerning the alleged contributory negligence of this boy is of such a character as under the law would enable me properly, as a judge, to declare he was legally guilty of contributory negligence, and I leave it to you, among the other facts of the case, to determine what the truth of the matter is. [3]

The court charged in part as follows:

[Briefly stated, it is claimed by the plaintiff in this case, that the defendant railroad company, having the management and control of a locomotive engine and cars and running the same over a grade crossing in Newport township on a track, in

March, 1902, was under a duty implied by law to use due and proper care and skill in and about the handling, managing and driving of such locomotive and cars along the said railroad and over the said highway. That at the time in question, to wit: the evening of March 4, 1902, disregarding its duty it negligently drove the said engine across said highway and injured Thomas Byron, who was lawfully traveling thereon. The specific acts of negligence alleged are : that the engine was driven backwards at a high rate of speed and without any warning by light, whistle or bell, of its approach to said highway. [4]

Verdict and judgment for Thomas Byron for $8,000, and for Thomas J. Byron, $2,600. Defendant appealed.

*Error assigned* were (1–4) above instructions, quoting them.

*Henry W. Palmer*, with him *T. W. Hart, Arthur Hillman* and *A. H. McClintock*, for appellant.—An infant of the age of the plaintiff in question would, under the circumstances, have sufficient capacity to be sensible of his danger and of his power to avoid it, and this presumption would stand until it was overthrown by clear proof of the absence of such discretion : Holden v. R. R. Co., 169 Pa. 1 ; Greenway v. Conroy, 160 Pa. 185 ; Wendell v. R. R. Co., 91 N. Y. 420 ; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258 ; Moore v. R. R. Co., 99 Pa. 301 ; Chilton v. Traction Co., 152 Pa. 425 ; Funk v. Traction Co., 175 Pa. 559 ; Honor v. Albrighton, 93 Pa. 475 ; Ash v. Verlenden, 154 Pa. 246 ; P. & R. R. R. Co. v. Spearen, 47 Pa. 300.

*John T. Lenahan, Edwin A. Lynch* and *James L. Lenahan*, for appellees.—The case was for the jury : Beach v. Penna. R. R. Co., 212 Pa. 567 ; Parker v. St. Ry. Co., 207 Pa. 438.

Opinion by Mr. Justice Elkin, April 30, 1906 :

The injured boy was twelve years of age. The accident occurred at a grade crossing after dark. There were no lights at the crossing or station nearby. The train was not running on a regular schedule. It was a special, made up for a temporary purpose. The engine was running with the tender in front, and therefore the approach of the train could not be seen by

the customary headlight.    There is some evidence that the usual signals were not given as the train approached the crossing.    These are the negligent acts on which appellees rely to recover in this action.    They are clearly sufficient to take the case to the jury on the question of defendant's negligence.    The boy being under fourteen years of age, the presumption of incapacity to appreciate the danger arose and was not so conclusively overcome by the testimony offered at the trial as to justify a court in holding as a question of law that he was guilty of contributory negligence.    We see no reason, either in fact or law, to distinguish the case at bar from the long line of cases in which this rule has been recognized and followed in our state.    This was also a question of fact for the jury. The learned trial judge in a careful, adequate and well considered charge, submitted the case to the jury where it belonged.

Assignments of error overruled and judgment affirmed.