# Davis *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Infant — Signals — Contributory negligence — Case for jury.*

In an action against a railroad company to recover damages for the death of a boy between thirteen and fourteen years of age, at a public grade crossing in a town, the case is for the jury where the evidence tends to show that the crossing was a dangerous one, that there was no watchman stationed or gates maintained at it, and that the train was run at a high rate of speed without bell rung or whistle blown, or other signal given of the approach of the train.

The failure to maintain a watchman or establish gates at a much used public grade crossing, may be considered with other facts in determining whether the railroad company was negligent.

In an action to recover damages for the death of a boy between thirteen and fourteen years of age at a public crossing of a railroad, the court should submit to the jury the question of the boy's mental capacity and ability to be guilty of such contributory negligence as would have prevented the recovery, if he had been injured and survived.

*Negligence—Death—Parties—Parent and child—Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309.*

In an action to recover damages for death of a minor, both parents, if living, should be joined as parties plaintiff.

Argued May 6, 1907. Appeal, No. 188, April T., 1907, by defendant, from judgment of C. P. Cambria Co., June T., 1904, No. 213, on verdict for plaintiff in case of William and Cora J. Davis v. The Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before BELL, P. J., specially presiding.

The plaintiff presented the following points:

3. While it is true that trains must be run at a high rate of speed to reach their greatest utility, yet in populous towns and cities where the tracks cross a much traveled street or highway, the speed must be moderated or such other precautions taken by the company as are reasonably commensurate with the danger of life, limb and property. *Answer:* This point is affirmed. [12]

4. As it is an undisputed fact that there was no flagman stationed or gates maintained at the crossing of the public highway or street by the defendant's tracks at Cresson, where the plaintiffs' son was killed, if the jury find from all the evidence that the public safety could not be reasonably secured at said crossing otherwise than the company having a flagman stationed or gates maintained thereat, they may find negligence on the part of the company, the defendant in this case, on account of the absence of said flagman or gates. *Answer:* This point is affirmed. We call your attention to our instructions in the general charge that the company were not bound to maintain a flagman or safety gates unless it was a much traveled crossing and a dangerous one. To rule otherwise would be to submit to a jury to find negligence on the part of the railroad company every time that any person was killed at any grade crossing. [9]

5. Even though the whistle were blown and the bell rung on the engine which struck and killed the plaintiffs' son, yet, if under the particular circumstances of the case, the jury find that the public safety was not reasonably secured at the crossing by reason of the absence of a flagman or of gates, they may still find that the defendant was negligent. *Answer:* This point is affirmed. [10]

6. If the jury find from the weight of the evidence that the whistle on the engine which struck and killed the plaintiffs' son was blown at such a place that it could not be heard at the crossing where the deceased was killed by reason of the fact of the noise caused by another train going east, and also find that no other sufficient warning of a train was given, the jury may find that the defendant was negligent. *Answer:* This

point is affirmed.    But at the same time we call your attention
to the fact that the railroad company are only required to use
ordinary care under the circumstances, and if they provided
for the blowing of a whistle at a place where a man of ordinary
prudence and judgment would provide for the blowing of a
whistle, then they have performed their full duty as far as the
blowing of a whistle is concerned. [11]

Defendant's counsel have requested the court to answer the
following points:

1. That inasmuch as the testimony is clear that decedent
was standing close to the north rail of the track, observing a
freight train passing in the opposite direction, he was in a dan-
gerous place, and the plaintiffs cannot recover.   *Answer:* This
point is denied, because the deceased, William Davis, Jr., was
under the age of fourteen years.   If he had been over fourteen
we would have affirmed the point, and, as we have stated in
the general charge, take the responsibility of directing a ver-
dict for the defendant; but as the deceased was under fourteen,
we think it is not for the court to say that he was guilty of
contributory negligence, but the question as to whether or not
he was guilty of contributory negligence is for the jury. [1]

2. That the measure of the boy's contributory negligence
is his capacity to see and appreciate danger; and in the absence
of clear evidence of the lack of it, he will be held to such
measure of discretion as is usual in those of his age and expe-
rience, and the question is for the court.   *Answer:* This point
is denied, and our remaining answer would be the same as our
answer to defendant's first point.

3. Inasmuch as the engineer and the decedent had a clear
view of the crossing and the approach of the train for more
than 4,000 feet, the fact there was no safety gates or flagman
at the crossing is immaterial. [2]   *Answer:* This point is de-
nied as applicable to this present case for the reason that Wil-
liam Davis, Jr., was under the age of fourteen.   If he had
been over the age of fourteen, then, as we have said in our
general charge, we would say that he was guilty of contrib-
utory negligence and direct a verdict for the defendant. [3]

4. Inasmuch as there was a clear view of more than 4,000
feet between the crossing and the train, a speed of forty miles
per hour is not excessive at this particular crossing.   *Answer:*

This point is denied as put.   The question of the speed of the train is for the jury, if they come to the question of alleged negligence on the part of the defendant. [4]

5. That there is not sufficient evidence to submit to the jury that it is an extraordinarily dangerous grade crossing. *Answer :* This point is denied.   That is a question for the jury to consider under the weight of the evidence. [5]

6. That inasmuch as the engineer saw the boy for a long distance and the tower men saw him for almost 600 feet standing on the track watching a freight pass, the presumption that he stopped, looked and listened is withdrawn, and the facts not being controverted, he was guilty of contributory negligence, and the plaintiffs cannot recover.   *Answer :* This point is denied, because William Davis, Jr., at the time of his decease, was under the age of fourteen.   If he had been over fourteen we would have taken the case from the jury. [6]

7. That under the evidence the verdict should be for the defendant company. *Answer :* This point is denied. We submit the question to you to determine what your verdict shall be under the law as this court has instructed you, viewed in the light of the evidence as you have heard such evidence. [7]

8. That inasmuch as the mother, who is living, is not a party to this action, the plaintiffs cannot recover.   *Answer :* This point is denied as the case stands at present.   The plaintiff, William Davis, Sr., this morning amended his cause of action by adding Mrs. Cora Davis as a coplaintiff, and in that view of the matter the point is denied.

Verdict and judgment for plaintiff for $1,250.   Defendant appealed.

*Errors assigned* were (1–12) above instructions, quoting them.

*H. W. Storey*, for appellant.—At what age, then, must an infant's responsibility for negligence be presumed to commence?   This question cannot be answered by referring it to a jury.   That would furnish us with no rule whatever.   It is a question for the court: Nagle v. R. R. Co., 88 Pa. 35 ; Parker v. St. Ry. Co., 207 Pa. 438 ; Kehler v. Schwenk, 144 Pa. 348 ; Pass. Ry. Co. v. Gallagher, 108 Pa. 524 ; Funk v. Electric

Traction Co., 175 Pa. 559; Kline v. Electric Traction Co., 181 Pa. 276; Miller v. Union Traction Co., 198 Pa. 639; Sheehan v. P. &. R. R. R. Co., 166 Pa. 354; Smith v. P. & R. R. R. Co., 160 Pa. 117; Malloy v. Starin, 99 N. Y. Super. Ct. 603.

It was not contended by the plaintiffs nor did they deny that the boy was standing in a dangerous place; that he was not taking proper care. In this case the question is for the court; it is not a question of the negligence of the defendant. The train was running at its usual schedule speed, yet the court permitted the jury to determine whether the defendant was negligent in so doing. The train was carrying through passengers, and surely while it was running at its regular speed, about forty miles per hour, it was not a question for the jury to determine: Newhard v. R. R. Co., 153 Pa. 417; Blight v. R. R. Co., 143 Pa. 10; Beynon v. R. R. Co., 168 Pa. 642; R. R. Co. v. Ritchie, 102 Pa. 425.

*R. A. Henderson*, with him *Harvey Roland*, for appellees, cited as to the question of the deceased's contributory negligence: Nagle v. R. R. Co., 88 Pa. 35; West Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524; Kehler v. Schwenk, 144 Pa. 348; Iaquinta v. Traction Co., 166 Pa. 63; Parker v. St Ry. Co., 207 Pa. 438; Byron v. Central R. R. 215 Pa. 82; Daubert v. D., L. & W. R. R. Co., 199 Pa. 345; Bracken v. Penna. R. R. Co., 32 Pa. Superior Ct. 22.

OPINION BY MORRISON, J., October 7, 1907:

This is an action or trespass originally brought by William Davis against the defendant, based on the killing of the plaintiff's son, aged between thirteen and fourteen years, at a public crossing of the defendant's five tracked railroad at Cresson, Pennsylvania.

During the trial the record was amended by adding the name of Cora J. Davis as a plaintiff. This action is maintainable only under the provisions of the Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309. It is solely by virtue of the provisions of these statutes that damages are recoverable for the death of William Davis, Jr. The deceased was a minor son of William Davis and Cora J. Davis and, as was said by Mr. Justice MESTREZAT, in the recent case of

Waltz v. Penna. R. R. Co., 216 Pa. 165: "It is, therefore, apparent that in bringing the suit the act of 1855 was entirely disregarded, notwithstanding the plain terms of the statute and the numerous decisions of this court pointing out the proper practice. The action should have been brought jointly in the names of both parents and the statement should have given the names of the parties who were entitled to the damages recovered. Neither of these requirements of the statute was complied with, and the trial court was clearly wrong in holding that 'the failure to join the husband and wife, the parents of the decedent, in the action,' was not error. The ruling of the learned judge disclosed a misapprehension of the plain terms of the statute."

In the present case the learned counsel for the defendant presented a point that inasmuch as the mother, who is living, is not a party to this action, the plaintiff cannot recover. This was refused because of an amendment, during the trial, adding the name of the mother, Cora J. Davis, as a plaintiff. The declaration was not amended and the provisions of the act of 1855 were palpably disregarded. In view of what was said in the case of Waltz v. Penna. R. R. Co., 216 Pa. 165, the trial court would have been warranted in affirming that point, unless the parties to the action and the declaration were so amended as to comply with the act of 1855. But we have no assignment of error raising this question and what has been said is merely for the purpose of directing the attention of the profession to the statutory requirements in this class of cases. It is remarkable that so many of these suits are brought without an attempt to make the pleadings comply with the statutory provisions, and the decisions of the Supreme Court.

We have two questions raised by the assignments of error: (1) The negligence of the defendant, and (2) the contributory negligence of the decedent. It is not contended that the parents of the boy were guilty of contributory negligence.

The contention of the plaintiffs is that the defendant was negligent because the crossing was extraordinarily dangerous, the train running at a high rate of speed, and there was no watchman stationed or gates maintained at the crossing, or other means provided to warn the public of approaching trains; that no bell was rung or whistle blown or other signal given

of the approach of the train which killed the boy, in time to be any protection to him.   It is also contended that this crossing is in a populous place and is so much used that it is strong evidence of negligence not to provide a watchman or safety gates.

The other position of plaintiff is that the boy, being under fourteen years of age, the question of his capacity and mental development, so as to render him guilty of contributory negligence, was for the jury.

First, as to the negligence of the defendant: A careful examination of the evidence convinces us that the learned court did not err in referring this question to the jury.   The evidence was in conflict and it raised material questions of fact upon which the negligence or non-negligence of the defendant depended.   We think the charge of the learned court upon this question is clear and adequate and the jury having found the defendant guilty of negligence, we are unable to find anything in the record calling for a reversal on that ground.

As to the failure of the company to maintain a watchman or established gates at a public grade crossing, see Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610; Pennsylvania R. R. Co.'s Case, 213 Pa. 373.   The learned trial judge was of the opinion, and so instructed the jury, that if the boy had been above fourteen years of age, his contributory negligence would have been a bar to the plaintiff's recovery, but inasmuch as the boy was under fourteen, he felt compelled to submit to the jury the question of his mental capacity and ability to be guilty of such contributory negligence as would have prevented his recovery, if he had been injured and survived.

In Bracken v. Penna. R. R. Co., 32 Pa. Superior Ct. 22, we held: " the boy was only twelve years old and the court could not say, as a matter of law, that he had sufficient mental development and capacity to comprehend the danger so that he would be guilty of contributory negligence, although an adult might have been in the same circumstances. . . . And the question of his capacity and understanding to be sensible of danger, and to have the power to avoid it, was one of fact to be disposed of by the jury, under proper instructions from the court: Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35; Kelly v. Traction Co., 204 Pa. 623; Crissey v. Hestonville, etc., Pass. Ry. Co.,

75 Pa. 83." To which authorities the following may be added: West Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524 ; Byron v. Central R. R. Co., 215 Pa. 82, where it was said by Mr. Justice ELKIN (p. 86) : " The boy being under fourteen years of age, the presumption of incapacity to appreciate the danger arose and was not so conclusively overcome by the testimony offered at the trial as to justify a court in holding as a question of law that he was guilty of contributory negligence. We see no reason, either in fact or law, to distinguish the case at bar from the long line of cases in which this rule has been recognized and followed in our state. This was also a question of fact for the jury. The learned trial judge in a careful, adequate and well considered charge, submitted the case to the jury where it belonged."

So we say as to the case at bar. Upon all the questions raised by the assignments of error, the learned trial judge properly and carefully submitted them to the jury and the evidence is sufficient to support the verdict.

The assignments of error are all dismissed and the judgment is affirmed.