BRIESE, by guardian *ad litem,* Appellant, vs. MAECHTLE, by guardian *ad litem,* Respondent.

*March 17—April 5, 1911.*

*Infants: Liability for torts: Actionable negligence: Injury to school-mate in play.*

1. An infant is liable in compensatory damages for his tortious acts.
2. An infant may be guilty of actionable negligence even when engaged in doing a lawful act.
3. A child is required to exercise only that degree of care which the great mass of children of the same age ordinarily exercise under the same circumstances, taking into account the experience, capacity, and understanding of the child.
4. A boy between ten and eleven years old who, without malice or intentional wrong, while being chased in a game of tag in the school yard at recess, accidentally ran into and injured a younger schoolmate who was playing marbles in the yard, was not guilty of actionable negligence.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of nonsuit in an action for personal injuries caused by negligence. The facts are brief and undisputed. The plaintiff, a boy between nine and ten years old, and the defendant, a boy ten years and nine months old, attended the same public school in the city of Port Washington, and were friends. At recess on the 25th of March, 1909, both plaintiff and defendant were playing in the school yard, the plaintiff playing marbles with two other boys, and the defendant playing tag with some older boys. Just as plaintiff was kneeling down preparing to shoot, the defendant came running around the school house, being chased by another boy, and accidentally ran or bumped into the plaintiff, knocking him over, and by some mischance so injuring the plaintiff's right eye, either by putting his finger in it or forcing the eye against some object, that the sight was completely destroyed. There is no claim of malice or

intentional wrong. The appellant's claim is that there was sufficient evidence to entitle the jury to find the defendant guilty of actionable negligence.

*William F. Schanen,* for the appellant.

For the respondent there was a brief by *John C. Kleist,* and oral argument by *Mr. Kleist* and *Mr. T. H. Sanderson.*

Winslow, C. J. The action is novel, if not entirely without precedent in the books. Two school boys, one a little under and one a little over the age of ten, were playing the time-honored and innocent games of youth in the school yard when by the purest accident one ran into the other and inflicted a serious injury, but an injury which no one could possibly anticipate. Under all ordinary and usual conditions. the only results would be a little shaking up of one or both of the participants and the accumulation of a little more dust upon already dusty clothes. Had this been the case here no one would have thought for a moment that there could be legal liability for the act, but unfortunately a permanent injury has resulted to the plaintiff, which will seriously affect his usefulness and his comfort during his whole life, and the fact that such an injury has resulted makes it important that the question of liability should be examined with care, to the end that the conclusion reached should be based on correct, principles rather than upon hasty impressions.

The rule is well settled that a minor is responsible for compensatory damages resulting from his torts in the same manner as an adult. No court has laid down this rule more positively than this court in the two cases of *Huchting v. Engel,* 17 Wis. 230, which was an action for trespass upon real estate, and *Vosburg v. Putney,* 80 Wis. 523, 50 N. W. 403, which was an action for trespass to the person consisting of a kick during school hours. Both of these acts were unlawful acts, and in both cases the liability of an infant for compensatory damages in case of the commission of an unlawful.

act, even in the absence of all actual malice or evil intent, was fully sustained. See, also, 1 Cooley, Torts (3d ed.) 177 (*120).

We have no such case here because the defendant at the time of the injury was doing strictly a lawful act. The very purpose of the school yard is to allow opportunity for children to play therein, and the more vigorous the exercise which they take during the brief recesses given them the better is the purpose of the school yard subserved. The venerable and exhilarating game of tag in its various forms must have been one of the primal games of the race, and it still occupies an honored place among the sports of childhood. Usually harmless and free from danger to participants and bystanders, it seems not a sport to be discouraged or deprecated, but rather to be encouraged on account of its wholesome activity and stirring of the blood. Certainly we should not wish to do anything which would seem to make it necessary for children to stand about the school yard with folded hands at recess for fear they might negligently brush against one of their fellows and become liable for heavy damages.

So it seems entirely certain that when the accident in question occurred the defendant was engaged in a perfectly lawful and even laudable act, and hence that the principles laid down in the two cases cited have no direct application. But this conclusion does not necessarily determine the case. Infants may be guilty of actionable negligence, and even though the defendant was engaged in a perfectly lawful occupation he may have conducted himself so negligently as to make himself liable for damages resulting from such negligence. Here, however, comes in the marked difference between the tests of negligence as applied to the act of an adult and the same act when committed by a child. The rule is that a child is only required to exercise that degree of care which the great mass of children of the same age ordinarily exercise under the same circumstances, taking into account the experi-

ence, capacity, and understanding of the child.    2 Cooley,
Torts (3d ed.) 1469 (*823); *Anderson v. Chicago B. Co.*
127 Wis. 273, 106 N. W. 1077; *Wade v. C. & N. W. R. Co.,
post,* p. 99, 130 N. W. 890.    This was the measure of the
defendant's duty—no greater and no less.

Calling back to the mind for a moment the old school yard
at recess, its shouts, its laughter, and its confusion, the sudden
dash of boys here and there, the game of marbles in one place,
hopscotch in another, and crack the whip in another, its boys
darting here and there playing tag or prison goal and intent
on catching or escaping from their fellows, can any man
truthfully say as he recalls the scene that the ten-year-old de-
fendant in the present case was doing anything more or less
than healthy boys of his age have done from time immemorial
and will continue to do as long as the race retains its activity
and love of innocent sport?    It seems to us that this question
can receive but one answer, and that in the negative.    The in-
jury here was serious and deplorable, but the severity of it
does not affect the character of the act which caused it, so
far as the question of negligence is concerned.    If there may
be liability for this injury, then it seems that there may be
liability for the multitude of trivial injuries which are acci-
dentally inflicted by children on each other in the course of
their lawful games.    This would open up a new and vast
field of personal injury litigation.    We decline to act as pio-
neers in this almost limitless field.

*By the Court.*—Judgment affirmed.