QUINN, by guardian *ad litem,* Appellant, vs. Ross MOTOR
CAR COMPANY, Respondent.

*May 22—June 17, 1914.*

*Negligence: Degree of care required of child: Instructions to jury:
Automobiles: Injury to boy on street: Contributory negligence.*

1. Ordinary care in the case of a child is only such care as the
   great mass of children of his age, intelligence, and experience
   ordinarily exercise under the same or similar circumstances.
2. It was prejudicial error, in instructing the jury, to apply to a
   boy thirteen years old, who was struck by an automobile in
   the street, the tests of ordinary care which are applied to
   adults.
3. Testing the boy's conduct in such case by the rule applicable to
   children, the question of his contributory negligence was one
   for the jury.
4. Findings by the jury that the driver of an automobile, after
   seeing a boy in the street, failed to exercise ordinary care to
   avoid injury to him, and that such failure was the proximate
   cause of an injury to the boy, did not establish a case of gross
   negligence.

APPEAL from a judgment of the circuit court for Douglas
county: FRANK A. ROSS, Circuit Judge. *Reversed.*

The plaintiff, a boy thirteen years of age, came into col-
lision with an automobile operated by the defendant's agent
and servant, on Belknap street in the city of Superior, at
about 5 o'clock p. m. February 26, 1913, and was injured.
He was returning home from school and was proceeding
westward on Belknap street. He rode about a block with a
companion on the back end of a sleigh, and as the sleigh
stopped on the south side of the street about fifty feet west
of Grand avenue the plaintiff got off from the sleigh and
started across the street diagonally in a northeasterly direc-
tion and came into collision with the automobile, which was
coming from the east.

There was a jury trial. Upon the subject of ordinary

care the court gave the jury one general definition to the effect that it is such care as the great mass of mankind usually exercise under like or similar circumstances. Upon the eighth question of the special verdict, which covers the question of the plaintiff's alleged contributory negligence, the court instructed the jury as follows:

"You are instructed that in answering this question you will bear in mind that it was plaintiff's duty to make reasonable use of all his senses in order to observe impending danger from approaching vehicles, and if you find from the evidence that plaintiff by such use of his senses could have seen the automobile in time to avoid injury, and failed to use them, then you will answer such question in the affirmative. There is evidence tending to show that plaintiff looked to the east at a time when his view was partially obstructed. If you find that he did so look and that when he looked he did not have a sufficiently clear view of the street for a sufficient distance to the east to discover the approach of vehicles, including automobiles, from which injury might be apprehended, and which might be discovered by the exercise of ordinary care on his part, then you are instructed that it was his duty to again look, when he reached a point in the street when his view in that direction was sufficiently unobstructed to allow him to discover the approach of such vehicle. You are instructed that it is the duty of a person entering upon a city street, and traveling on foot at a point between the regular crosswalks, for the purpose of crossing the street, to look along the street in both directions to ascertain whether any vehicles are approaching, and if so, their rate of speed and how far from the point where the person is crossing the street, even though the travel along such street may be trifling, for the reason that vehicles may be approaching so as to make it dangerous for the foot traveler to proceed."

The special verdict returned by the jury was as follows:

"(1) Was the plaintiff injured in his person by colliding with defendant's automobile on February 26, 1913? A. (by the court). Yes.

"(2) Was the car in question, after crossing Grand avenue and before the driver gave it additional speed immedi-

ately before the accident, if such additional speed was in fact given it, being run at a reckless or greater rate of speed than was reasonable and proper having regard to the width, traffic upon and use of Belknap street in the vicinity of the accident?   *A.* Yes.

"(3) If you answer question 2 'Yes,' was such rate of speed a proximate cause of plaintiff's injury?   *A.* Yes.

"(4) Did the driver of the car, immediately prior to the accident, fail to exercise ordinary care to observe any person who might be upon the street in front of the car? *A.* Yes.

"(5) If you answer question 4 'Yes,' was such failure a proximate cause of plaintiff's injury?   *A.* Yes.

"(6) Did the driver of the car, after seeing plaintiff in the street, fail to exercise ordinary care to avoid injury to plaintiff?   *A.* Yes.

"(7) If you answer question 6 'Yes,' was such failure a proximate cause of plaintiff's injury?   *A.* Yes.

"(8) Was the plaintiff guilty of any want of ordinary care in the premises that contributed proximately to produce his injury?   *A.* Yes.

"(9) What amount of money will reasonably compensate plaintiff for his injury?   *A.* $3,000."

Judgment was entered on this verdict in favor of the defendant, and the plaintiff appeals.

*W. P. Crawford,* for the appellant.

For the respondent there was a brief by *Williams & Stern,* and oral argument by *Burdette Williams.*

WINSLOW, C. J.   In this case it is held:

1. Ordinary care in the case of a child like the plaintiff is only such care as the great mass of children of his age, intelligence, and experience ordinarily exercise under the same or similar circumstances.   *Briese v. Maechtle,* 146 Wis. 89, 130 N. W. 893.   It is error to apply to such children the tests of ordinary care which are applied to adults, and in the present case that error seems clearly prejudicial.

2. In view of the fact that the plaintiff's conduct is to be tested by the rule applicable to children and not by the rule

applicable to adults, it cannot be said, as contended by the defendant, that the plaintiff was guilty of contributory negligence in this case as a matter of law.

3. Nor can it be held, as contended by the plaintiff, that the answers to questions 6 and 7 of the verdict establish a case of gross negligence.

*By the Court.*—Judgment reversed, and action remanded for a new trial.