GILBERT BLAKESLEY, Appellee, v. STANDARD OIL COMPANY, Appellant.

**TRIAL:** Instructions—Exceptions—Extension of Time. An order granting an`extension of time in which to file motion for new trial does not operate to extend the time for filing exceptions to instructions.

**APPEAL AND ERROR:** Estoppel or Waiver—Nonwaiver. A litigant who has duly entered his exception to the erroneous refusal of the court to direct a verdict does not waive the error by failing to except to instructions wherein the error of the court is repeated.

**NEGLIGENCE:** Condition of Premises—Trespassing Child. A property owner owes no duty to a trespasser—even though it be a minor child—whose presence is neither known nor reasonably to be apprehended.

*Appeal from Taylor District Court.*—HIRAM K. EVANS, Judge.

MAY 6, 1921.

OPINION ON REHEARING MARCH 11, 1922.

ACTION at law to recover damages for personal injury. Verdict and judgment for the plaintiff and defendant appeals.—*Reversed*.

*Nourse & Nourse* and *Flick & Flick*, for appellant.

*R. T. Burrell* and *Frank Wisdom*, for appellee.

DE GRAFF, J.—The damages sought to be recovered are for personal injuries predicated on the negligence of the defendant.

Upon the trial in the lower court the defendant offered no evidence and the questions presented upon this appeal arise solely upon the plaintiff's evidence. No timely or legal exceptions were taken by appellant to the instructions given by the trial court.

The verdict was returned April 29 and the court granted defendant 30 days to file motion for new trial. In defendant's motion for new trial error is assigned in the giving of certain instructions, but this motion was filed seven days after the verdict was returned. Nor do we find in appellant's assignment of errors in this court any specific assignment predicated on the giving or refusing of instructions. Instructions to which no exceptions are taken and preserved constitute the law of the case. *Seevers v. Cleveland Coal Co.* 158 Iowa 574. This court will not accept an invitation to enter upon a discussion of the soundness of any instruction when it stands unchallenged in the lower court or when there has been a failure to take and preserve exceptions in the manner provided by law. Chapter 24, Acts of the Thirty-seventh General Assembly. Extension of time to file a motion for new trial does not operate to extend the time for filing exceptions to instructions.

1. TRIAL: instructions: exceptions: extension of time.

"There is no necessary connection between the two and neither necessarily depends on the other, and unless a different time is specified, exceptions to the instructions in order to authorize their review, must be filed within five days after the verdict. Alleged errors to instructions not so filed may not be considered." *Henry v. Henry,* 190 Iowa 1257.

See also, *State v. Smith,* 192 Iowa 218; *Gibson v. Adams Express Co.* 187 Iowa 1259; *In re Estate of Rule,* 178 Iowa 184; *Haman v. Preston,* 186 Iowa 1292.

The instruction against which complaint is lodged by appellant has reference to a rule governing "attractive nuisance" cases. The case at bar does not fall within the principle stated but the instruction not being properly challenged the claimed error does not fall within the purview of this appeal.

At the conclusion of the evidence the defendant moved the court to direct the jury to return a verdict for the defendant primarily upon the following grounds: (1) That there is no

2. APPEAL AND ERROR: estoppel or waiver: nonwaiver.

evidence proving or tending to prove any negligence on the part of the defendant, its agents, or employees, or the breach of any duty that defendant owed the minor plaintiff. (2) That the evidence shows the accident in question was occasioned by the fault and negligence of the plaintiff. (3) That plaintiff's cause of action is grounded upon the doctrine known in the state as "turntable" or "attractive nuisance" cases, but there is no evidence that brings the case within that rule. (4) That the evidence shows that the accident occurred while the minor plaintiff was a trespasser upon the premises of the defendant. This motion was overruled and proper exceptions were taken and preserved.

Should the motion have been sustained? If yea, then reversible error was committed, which was not cured subsequently by the giving of instructions to which timely exceptions were

3. NEGLIGENCE: condition of premises: trespassing child.

not taken. If the plaintiff was a trespasser at the time and place in question then he may not recover regardless of the alleged negligence of the defendant.

This accident happened in Clearfield, Iowa a town of about 500 inhabitants. The course of the Burlington Railway through the town is from southwest to northeast. Washington Street extends north and south, and north of the railway track a short distance is North Street, extending east and west. The point where the east end of North Street abuts upon the northerly boundary of the railroad right of way is slightly farther east than the point where the north end of Washington Street abuts upon the southerly side of this right of way.

It appears without dispute that between these two points is a recognized public way crossing the railway, being in effect an extension of Washington Street to a junction with North Street. Just east of the north end of Washington Street and of the extension above mentioned is ground occupied by the the defendant oil company, under lease or license from the railway company. At this point the defendant oil company erected and maintained certain buildings, tanks and other structures. Among the company's buildings were two frame structures of considerable size standing near the west line of the street so extended, and it is the claim of plaintiff that they in fact pro-

trude or extend into the street. In conducting the business of the defendant company the manager made use of a motor truck upon which there was a removable box. When it was desired to use the truck without the box the truck was backed to the street side of the company's warehouse and the box was removed by lifting the front end and tipping it to the rear in such a manner as to leave it standing on end inclining against the building. This was the place and the position of the box when it fell upon the plaintiff.

It is alleged in plaintiff's petition that the defendant "maintained buildings, erections and structures under and by virtue of a lease made with the railroad company on the right of way of the Chicago, Burlington & Quincy Railroad Company and abutting on Washington Street in the town of Clearfield" and "defendant through its agent, servant, employee and manager, did negligently, carelessly and in violation of law and right, through said agent, servant, employee, and manager, maintain a heavy structure, to wit: a dray wagon box, leaning upon and against one of its buildings at said place in such manner that it was an obstruction to the street and an invitation to children to be upon it or about it." The defendant denies all charges of negligence made in the petition and alleges that, if plaintiff sustained any injury from the fall of the box, the same was due to his own failure to exercise reasonable care.

It is claimed by plaintiff that the defendant was occupying a part of Washington Street in the town of Clearfield but there is no evidence tending to prove that the wagon box in question was on said street, or that it obstructed the street. The most that can be said is that the defendant's plant and some of its buildings including the building against which the wagon box was placed were near the alleged street. The official plat of the town of Clearfield shows that Washington Street ends at the south margin of the railroad right of way. The Taylor County atlas which was in common use also shows that Washington Street in the plat of Clearfield ends at the south margin of the railroad right of way. There is no street shown for a considerable distance north of the railroad right of way except North Street running east and west, and which bears northeast shortly after it passes the point which would be crossed by Washington

Street, if that street were extended so that it would cross the right of way.

The testimony of plaintiff's witnesses shows no more than their guesses on the subject. In the cross-examination of Mr. Blakesley he testified that the building against which the wagon box leaned "looks like a foot and a half on the public highway. It is my opinion that the northwest corner of each building is in the street. Q. What makes you think they are in the street. A. Well it just looks like it there." There are no sidewalks along the street where these buildings are located on either side of the street. There is a defined roadway which is a continuation of Washington Street that crosses the railroad.

The evidence fairly shows that Washington Street did not cross the railroad right of way, but ended at the south line of the right of way. The fair import of plaintiff's witnesses on this subject is that "it looked to them as though Washington Street if extended would cut off about a foot and a half of the southwest corner of one or both of defendant's buildings." This was a mere supposition. The location of a street cannot be determined by mere "sighting," especially so when the official plats show it to be otherwise.

In *Capital City Inv. Co. v. Burnham*, 143 Iowa 134 the civil engineer who made the survey of the line did not examine the original plats, nor go to the original monuments, but assumed as correct the location of the curbing put in by the city and the lot lines as improved by various owners. His survey did not correspond with the original plat, but the latter controlled.

The railroad company had permitted the public for many years to cross its right of way at that point and the crossing had been planked for the convenience of the public. The most that can be said is that an easement existed for the purpose of public travel, but that easement was not wider than the traveled track which is shown to be from 16 to 20 feet in width.

There was no eyewitness to the accident although there was one witness who saw the box fall. The injured boy was past 11 years of age and sufficiently mature to understand the situation. He was quite intelligent. His story is to the effect that he started out to visit a friend across the Burlington Rail-

road tracks and as he approached the crossing he observed a moving freight train, and waited for it to pass. During the waiting period he walked back a short distance in the footpath in the street and stopped near one of the defendant's buildings, against which was leaning a truck box which was used by defendant in its business, but when not in use was left against the building. He approached the box and placed one foot upon the bottom crosspiece with one hand resting on a higher crosspiece. Standing in this position he felt or saw the box move or tip and reaching up tried to hold it to prevent its falling. He was unable to divert its fall and was caught under it and injured. He expressly denies that he climbed or attempted to climb on the box.

Unquestionably he was upon the defendant's premises and was there without any express or implied invitation. He had been on the defendant's premises before, but this was not a place where boys were in the habit of playing or congregating. The wagon box had been in that position in that place for months. The boy knew that the wagon box belonged to the defendant company, and knew that the buildings and the tanks were the property of the defendant and so testified. He had seen the box previously leaning against the shed, but he had never touched it before the day of the injury.

Witness Hutton testified that when he saw the box falling the boy was standing on it.

"He was standing on it, on the third [crosspiece], with his feet on that when he was doubled up to go down. I mean the third crosspiece from the bottom."

Witness Hutton had seen the boy a short time prior to the accident on the north side of the building and when the witness saw him the next time "he came around to the east of the building." He also testified that the boy was entirely under the box after it fell and that he was lying between the third and fourth crosspiece about the middle of the box.

The position of this box and its placement against the building did not endanger public travelers or imperil the safety of those who had occasion to use the roadway. The defendant company had no knowledge that the boy was upon the premises.

Like most boys he was a venturesome boy, and knowingly went upon the premises of the defendant.

"In·determining this question it is entirely immaterial to consider whether the boys were *sui juris* or not, for the question is not as to the ability and capacity of the trespasser, but rather the duty of the one who is charged with the negligent acts." *Brown v. Rockwell City Canning Co.* 132 Iowa 631.

What duty was owing by the company to the plaintiff under the circumstances of this case? The defendant company had no reason to anticipate that the boy would come upon the premises. The thing, itself, was not inherently dangerous or attractive.

"The owning of property· and the conducting of industrial enterprises should not be penalized by· the imposition of liability for injuries which are not the result of any breach of duty by the proprietor or by those for whose conduct he is in any manner responsible." *Hart v. Mason City Brick & Tile Co.,* 154 Iowa 741.

The defendant company was not an insurer and under the evidence it may not be said that the plaintiff was injured without negligence on his part. Furthermore there was no negligence established on the part of the defendant, and the case does not involve the attractive nuisance theory. The box would not have fallen were it not for the intermeddling by the minor plaintiff and this makes the boy a trespasser. The court should have sustained the motion for a directed verdict in defendant's favor. Wherefore the judgment entered is—*Reversed.*

STEVENS, C. J., and PRESTON, J., concur.

WEAVER, J., concurs specially.

WEAVER, J. (concurring). I concur in the conclusion that a new trial must be ordered, because I think the peculiar condition of the record indicates that substantial justice will best be accomplished by a retrial which will not be complicated by the injection of an issue upon which there is no evidence. I do not agree that, as a matter of law, there is no evidence of negligence on the part of the defendant, or that, as a matter of law, plaintiff is chargeable with contributory negligence. I think there is competent evidence that the truck body was left

in the street, and that the plats and maps put in evidence do not conclusively negative the existence of a public street connecting the north end of Washington Street and the east end of North Street. On the contrary, I think there is evidence on which the jury could find that there is such a recognized public way, and that the box was within its limits.

Again, upon the further question of contributory negligence, it appears that this plaintiff was, at the time, only about 11 years old; and it is the settled law of this state that, until a child reaches the age of 14 years, he is presumptively incapable of contributory negligence. *Hazlerigg v. Dobbins*, 145 Iowa 495; *Doggett v. Chicago, B. & Q. R. Co.*, 134 Iowa 690; *Long v. Ottumwa R. & Lt. Co.*, 162 Iowa 11; *Johnston v. Delano*, 175 Iowa 498, 501; *McEldon v. Drew*, 138 Iowa 390, 395. See, also, *Cedar Creek Store Co. v. Stedham*, 187 Ala. 622 (65 So. 984); *Lovell v. De Bardelaben C. & I. Co.*, 90 Ala. 13 (7 So. 756); *Moore v. Moore Co.*, 4 Ont. L. Rep. 167; *Bridger v. Asheville & S. R.*, 25 S. C. 24; *Avey v. Galveston, H. & S. A. R. Co.*, 81 Tex. 243; *Schilling v. Abernethy*, 112 Pa. 437 (3 Atl. 792); *West Philadelphia P. R. Co. v. Gallagher*, 108 Pa. 524; *Strawbridge v. Bradford*, 128 Pa. 200 (18 Atl. 346); *Kelly v. Pittsburg & B. Traction Co.*, 204 Pa. 623 (54 Atl. 482); *Potera v. City of Brookhaven*, 95 Miss. 774 (49 So. 617); *Denver City Tramway Co. v. Nicholas*, 35 Colo. 462 (84 Pac. 813); *City of Omaha v. Richards*, 49 Neb. 244 (68 N. W. 528).

True, this presumption is rebuttable, and whether it 'has been sufficiently rebutted is a jury question (*Quinn v. Ross Motor Car Co.*, 157 Wis. 543 [147 N. W. 1000]); and quite universally it is held that, in any event, the degree of care which a child is required to observe is only such as may reasonably be expected from children of his age, experience, and capacity, and that is for the determination of the jury. *Briese v. Maechtle*, 146 Wis. 89. Nor is a child in the street in ,any sense a trespasser, even though he is using the street for the purposes of play. *City of Chicago v. Keefe*, 114 Ill. 222; *City of Omaha v. Richards*, supra; *Railroad Co. v. Gladmon*, 15 Wall. (U. S.) 401.