ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.

---

ARTHUR RASKIN, Appellant, v. CITY OF SIOUX CITY, Appellee.

NEGLIGENCE: Contributory Negligence—Children and Imputed Negligence. In an action on behalf of a six-year-old child, injured while riding with his father, instructions which place the burden on plaintiff to show his freedom from negligence are not sufficient, unless the jury is further told that such burden is presumptively met by the simple showing of *the age of the child,* and that the negligence of the father cannot be imputed to the child.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

OCTOBER 24, 1924.

ACTION at law to recover damages by a minor six years of age, because of injuries received by said minor through the alleged negligence of the defendant city in failing to maintain one of its streets in a reasonably safe condition. Verdict in favor

of the defendant, and judgment entered against plaintiff for costs. Plaintiff appeals.—*Reversed.*

*Kindig, McGill, Stewart & Hatfield,* for appellant.

No appearance for appellee.

DE GRAFF, J.—There is little occasion to detail the evidence introduced upon the trial of this cause, as appellant predicates a reversal on the court's instructions. The primary assignments will be noted presently.

The plaintiff, at the time of the accident, was a boy between five and six years of age; and while he was riding in an automobile driven by his father on Third Street in Sioux City, Iowa, the vehicle was precipitated, as alleged in the petition, by a ditch or depression near the north line of the pavement in said street, which caused the auto to be overturned, resulting in the injuries to the boy and his claim for damages. Specific grounds of negligence are pleaded, and that the defendant city had notice or knowledge of the defective condition of the said street for many weeks prior to the accident.

The defendant, in answer, alleged that whatever injuries plaintiff may have sustained were due to the gross negligence of B. H. Raskin, the father of said boy and driver of said car, in that, while driving at a high rate of speed, the said B. H. Raskin drove off the pavement provided by said city for the travel of automobiles; and that the negligence of the driver of said automobile constituted the sole and proximate cause of any injuries which plaintiff alleges himself to have sustained.

The primary complaints of appellant have to do with the failure of the court to instruct the jury on the law governing imputed negligence and the contributory negligence of the plaintiff minor under the record facts. It is elementary that a court is in duty bound to give to the jury a clear and intelligent exposition of the law, as applicable to the issues; and failure to instruct thereon with reasonable fullness is prejudicial error. This is true, even though no request is made for other and further instructions. *Busch v. Tjentland,* 182 Iowa 360; *Capital City*

*Brick & Pipe Co. v. City of Des Moines,* 136 Iowa 243; *Over-houser v. American Cereal Co.,* 128 Iowa 580.

The instructions of the court are the chart and compass of the jury, and constitute the only guide for the correct application of the law to the facts. In the instant case, the trial court in no wise referred in the instructions to the disputable presumption governing the negligence of the plaintiff minor. The burden was upon the plaintiff to establish the alleged negligence of the defendant, or fail in his action. This is the essence of the case. *Borland v. Lenz,* 196 Iowa 1148. The court defined the duty of a "person so using" the street "to be the exercise of reasonable and ordinary care and caution," not only "for his own safety," but for "the safety of others." No limitation was placed on this abstract legal principle. The law of this state is well defined that a child of the age of appellant cannot be held guilty of negligence as a matter of law. The burden to prove freedom from contributory negligence was on the plaintiff; but when he proved that he was six years of age, a prima-facie case of freedom from contributory negligence was established. In our latest pronouncement we said:

"When appellee proved that, at the time of the accident, he was six years of age, he made out a prima-facie case of freedom from contributory negligence, by his evidence. It then rested with appellant to go forward with proof to overcome this prima-facie case, or at least to place the evidence in equipoise." *Brekke v. Rothermal,* 196 Iowa 1288.

See, also, *Blakesley v. Standard Oil Co.,* 193 Iowa 315; *Hazlerigg v. Dobbins,* 145 Iowa 495; *Johnston v. Delano,* 175 Iowa 498; *Doggett v. Chicago, B. & Q. R. Co.,* 134 Iowa 690; *Fishburn v. Burlington & N. W. R. Co.,* 127 Iowa 483; *Thomas v. Chicago, M. & St. P. R. Co.,* 93 Iowa 248.

We are committed to the doctrine that negligence of a father cannot be imputed to his child, under the circumstances of the instant case. This rule is approved by the numerical weight of judicial decision. See note in *Gallagher v. Johnson,* 15 A. L. R. 414. Briefly stated, the negligence of a father contributing to an accident is available as a defense to his action; but such contributory negligence is no defense in an action by the child for

the recovery of damages resulting from injuries to his own person caused by the negligence of a third party. *Fink v. City of Des Moines,* 115 Iowa 641; *Ives v. Welden,* 114 Iowa 476; *Wymore v. Mahaska County,* 78 Iowa 396.

It is apparent from the instructions given that the court did place upon the plaintiff, without respect to his age, the burden of proving that he himself was free from any negligence contributing to his injuries, since the jury was told that plaintiff must prove by a preponderance of the evidence the material allegations of the petition, which included the affirmation that "said injuries were received without any fault or carelessness on the part of plaintiff;" and that the city "is liable to travelers on its streets for any damage arising, without the fault of the one injured, from placing in the streets such obstructions as to render," etc.

The failure of the court to instruct specifically on the matters to which reference is made in this opinion constitutes reversible error. Wherefore, the judgment entered is—*Reversed.*

ARTHUR, C. J., and STEVENS and VERMILION, JJ., concur.