## McAndrew v. Woloszyn

*John R. Lenahan*, for plaintiff.

*William J. McDonald*, for defendant.

HOBAN, P. J., June 20, 1966.—This is an action in trespass for damages for personal injuries to minor plaintiff alleged to have been caused by minor defendant, who pitched a crabapple at minor plaintiff, hitting minor plaintiff in the eye and resulting in the subsequent removal of the eye. The case was tried before Hoban, P. J., and a jury. After prolonged consideration, the jury disagreed and was discharged. Defendant, having properly filed a point requesting binding instructions, which was declined, now moves for judgment on the whole record, as permitted by the Act of April 20, 1911, P. L. 70, 12 PS §684.

At argument and by brief, defendant raises two questions:

1. There is not sufficient evidence to warrant a finding that any action of defendant was the actual cause of the injury to minor plaintiff, and

2. Assuming that defendant's action in throwing

the apple was the cause of the harm to minor plaintiff, that as a matter of law, it should be regarded as an incident of childish play imposing no liability upon defendant.

As to point no. 1, there is sufficient direct evidence, if believed, to warrant a finding that defendant actually pitched the apple which struck minor plaintiff in the eye. See the testimony of Robert Gwozdz and the testimony of Paul J. McAndrew, father of minor plaintiff, and of Frank Woloszyn, father of defendant, as to admissions made to them by defendant.

As to point no. 2, there is evidence which, if believed, would indicate the following facts:

About 7:30 p.m. on the evening of August 23, 1964, a group of eight boys, including minor plaintiff and defendant, were playing in a field near the home of one of them, and about that time finding some crabapples on nearby trees and on the ground, began to throw the apples at each other, dividing themselves into various informal groups or teams. Defendant, Robert Woloszyn, was then aged 14½ years of age, was 5' 9" or 10" in height, weighed 150 or 160 pounds and was the largest and strongest of the boys in the group. Minor plaintiff, Martin McAndrew, was then 8½ years of age and was the smallest and youngest of the group. The other boys varied in age from 10½ to 13 years. The play progressed until it became dusk; then all of the boys except defendant ceased throwing the apples and started to depart for their various homes. Defendant, however, continued throwing, and in the semi-darkness pitched an apple directly at a bush or clump of weeds behind which minor plaintiff was concealed, with the resultant injury to Martin McAndrew.

The question is whether under the circumstances, considering the ages of the boys involved, the action of Robert Woloszyn was negligence. In view of his superiority in age, height, weight and strength and his

knowledge that minor plaintiff, much younger and smaller than anyone else in the group, was in the vicinity somewhere towards his front, the trial judge concluded that the case was for the jury.

We are agreed that a jury question exists. Granting that the question of negligence and contributory negligence on the part of children of various ages must be considered by the standards applicable to children of similar ages, understanding and experience, we think that the case is governed by the principles of Kuhns v. Brugger, 390 Pa. 331, Restatement, Torts 2d §§282 and 283A. See particularly comment (b), section 283A, concerning the special standard for children.

There appears to be no appellate court decision in Pennsylvania exactly in point, and we believe that the cases cited by defendant, Hoyt v. Rosenberg, 80 Cal. App. 2d 500, 182 P. 2d 234, and Briese v. Maechtle, 146 Wis. 89, 130 N.W. 893, on the facts are not apposite.

Now, June 20, 1966, defendant's motion for judgment on the whole record is denied and a new trial is ordered.