665 P.2d 1018

**FIRST NATIONAL BANK OF ARIZONA and Gerald E. Raby, Co-Conservators of the Estate of Dominique M. Brady, a minor, Plaintiffs-Appellants,**

v.

**Edward DUPREE and Rose Dupree, husband and wife; Edward Dupree, guardian ad Litem of Hank Dupree, a minor, Defendants-Appellees.**

No. 1 CA–CIV 6027.

Court of Appeals of Arizona, Division 1, Department B.

March 17, 1983.

Rehearing Denied April 28, 1983.

Review Denied June 22, 1983.

Fred J. Pain, Jr., P.C. and Donald W. Harris, Phoenix, for plaintiffs-appellants.

David S. Rosenthal, P.C., Phoenix, and Eugene M. Kadish, Ltd., Tempe, for defendants-appellees.

## OPINION

GRANT, Judge.

The sole issue on this appeal is whether the trial court erred in granting summary judgment in a negligence action in favor of the minor defendant.

This law suit was initiated by the co-conservators of the estate of Dominique M. Brady, a minor, against Hank Dupree, a minor, and several adult defendants[1] for personal injury sustained by Dominique on August 5, 1975. Dominique was injured while playing a game with Hank and several other children which involved "shooting" each other off their feet. Hank Dupree's deposition account of this game is the only evidence of how the accident occurred. He described the incident as follows:

Q. How were you playing? What kind of games were you playing?

A. Shooting each other off our feet.

Q. How would you do that?

A. Lean back and shoot them off your feet. Lay back on your back and you sat them on your feet and you shoot them. You push them and they go up and over.

Q. Is that how Dominique's injury occurred?

A. Yes.

Q. Would you explain exactly what happened when he was injured?

A. He was on my feet ready to go. I asked him if he was ready and he says, "yes". So I shot him up. He went up. He was supposed to—he almost landed on his feet and came down on his arm.

Q. You were laying on your back?

A. Yeah.

Q. And you would then bring your knees in towards your chest?

A. Yeah, and then push.

Q. And then he would get up on your feet?

A. Yes.

Q. And then you would shoot him up in the air and he would be off the ground?

A. Yeah.

Q. And then he would come down and land?

A. Yeah.

At the time of the accident Hank Dupree was ten years of age and Dominique Brady was six and one-half years of age. As a result of the accident Dominique suffered a broken arm.

It is undisputed that at the time this incident occurred Hank, Dominique and several other children were playing approximately ten feet from four adults who were playing cards and drinking beer in an adjacent room. These adults included parents of some of the children who were playing the game. While there is some evidence that one of the adults told the children to play outside, there is no evidence that any of the adults told the children to stop playing that particular game or to warn them as to any danger. It is also undisputed that Dominique Brady's father, a participant in the card game, did not regard Hank Dupree as a discipline problem but regarded him as "an ordinary kid just like anybody else. ·

1. Summary judgments were also entered in favor of the other defendants. However, a timely appeal was not taken from these judgments.

Basically a nice kid." There was no evidence that Hank Dupree's participation in the game was substantially different than that of the other children who were involved.

On the basis of this record, the trial court granted summary judgment in favor of Hank Dupree and necessarily found that reasonable minds could not find Hank Dupree negligent for his participation in this game. We agree and affirm the judgment.

■ Negligence is not ordinarily a proper subject for summary adjudication. *Boozer v. Arizona Country Club,* 102 Ariz. 544, 434 P.2d 630 (1968). However, under appropriate circumstances, it is an appropriate remedy. *See Faul v. Jelco, Inc.,* 122 Ariz. 490, 595 P.2d 1035 (App.1979); *Taylor v. Mueller,* 24 Ariz.App. 403, 539 P.2d 517 (1975); *Wilson v. City of Tucson,* 8 Ariz.App. 398, 446 P.2d 504 (1968). Merely because an accident occurred which results in an injury does not, in and of itself, permit even an inference of negligence, let alone proof of its existence. *Compton v. National Metals Company,* 10 Ariz.App. 366, 459 P.2d 93 (1969); *Biondo v. General Motors Corporation,* 5 Ariz.App. 286, 425 P.2d 856 (1967).

■ In order to prove negligence, plaintiffs must show the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by that breach. *Flowers v. K-Mart Corp.,* 126 Ariz. 495, 616 P.2d 955 (App.1980). Whether a duty exists is for the court to decide. *Id.; Rodriguez v. Besser Co.,* 115 Ariz. 454, 565 P.2d 1315 (App. 1977).

Whether a minor owes a duty of reasonable care to another person must be decided not using the "reasonable man" standard, but upon the following special standard for children set forth in the Restatement (Second) of Torts, § 283 A (1965):

If the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence, and experience under like circumstances.

As stated in comment (b) to § 283 A, *supra:*

A child of tender years is not required to conform to the standard of behavior which is reasonable to expect of an adult. His conduct is to be judged by the standard of behavior to be expected of a child of like age, intelligence and experience.

*Accord, Ruiz v. Faulkner,* 12 Ariz.App. 352, 470 P.2d 500 (1970).

While the parties agree that this is the appropriate standard, they disagree as to whether the application of this standard was a matter for the jury or the court. Appellant argues that reasonable persons could find that Hank Dupree failed to comply with the applicable standard of care for a ten year old when he "shot" Dominique Brady into the air. Appellees argue that the court could properly conclude on the undisputed facts that Hank Dupree complied with the standard of care appropriate for a ten year old child.

While we have found no Arizona cases directly addressing this issue, we find several cases from other jurisdictions dealing with the standard of conduct required of children participating in childhood games.

In *Briese v. Maechtle,* 146 Wis. 89, 130 N.W. 893 (1911), two school boys were playing on the school playground when one ran into the other causing the latter to suffer serious injury. The court expressed a fear that if children were to be held liable for damages resulting from accidents occurring during play, it would open the door for new litigation, and also "make it necessary for children to stand about the schoolyard with folded hands . . . for fear they might negligently brush against one of their fellows, and become liable. . ." *Id.* at 92, 130 N.W. at 894. The court also stated:

Can any man truthfully say as he recalls the scene that the ten year old defendant in the present case was doing anything more or less than healthy boys of his age have done from time immemorial and will continue to do as long as the race retains its activity and love of innocent sport? It seems to us that this ques-

tion can receive but one answer, and that in the negative.

*Id.* The court thereafter concluded as a matter of law that the defendant was not negligent.

A leading case in the area of liability of children engaged in games is *Hoyt v. Rosenberg,* 80 Cal.App.2d 500, 182 P.2d 234 (1947). The principal issue in the Hoyt case was whether a twelve and one-half year old child could be found negligent as a matter of law for his actions when he participated in a game known as "kick the can" with three other children. During the game, the defendant kicked the can into the face of one of the other children, resulting in the injured child losing the sight of an eye. Although the case was submitted to the jury under appropriate instructions and the jury returned a verdict in favor of the plaintiffs, the court ruled that the defendant minor could not be found negligent as a matter of law based upon the appropriate standard for a child of his age. The court concluded:

> There is no room here for a reasonable difference of opinion as to what the normal and ordinary boy of that age would have done under the circumstances shown by this record. It cannot be reasonably inferred from the evidence that the appellant on this occasion and under these circumstances did "anything more or less than healthy boys of his age have done from time immemorial and will continue to do so long as a race retains its activity."

*Id.* at 507, 182 P.2d at 238 (quoting *Briese v. Maechtle, supra* ).

In a more recent case the New York Appellate Court in *Carrillo v. Kreckel,* 43 A.D.2d 499, 352 N.Y.S.2d 730 (1974), discussed whether summary judgment was appropriate to determine whether a fourteen year old boy participating in a street game could be held liable as a matter of law for injuries sustained by a bystander. The court acknowledged that negligence actions normally raise many factual issues not readily disposed of by summary judgment. The court pointed out, however, that in cases where the cause of the accident is undisputed, the question of whether an act or omission proximately causes the injury is a matter which may be decided by the court as a matter of law.[2] The court went on to state that the standard of care to which persons are held must take into account variables such as the age of the person and the activity in which they were participating to determine who should bear the loss resulting from the injury and that this determination is essentially one of social policy, the basic tenet upon which questions of duty are based. Citing *Prosser, Law of Torts,* § 42 (4th Ed.1971). After discussing *Briese v. Maechtle, supra* and *Hoyt v. Rosenberg, supra,* the New York court went on to state:

> Applying these principles to the horseshoe throwing involved herein, it is clear that fourteen year old boys will invent and continue to participate in frolics of this nature and will not perceive the dangers which may result. Certainly, infants must abstain from negligent acts and thereby exercise the degree of care to which children of their age, experience, intelligence and ability are capable. [citation omitted] However, unless the frolic chosen is so inherently dangerous that mere participation therein is negligence, the child should only be held liable for an act which was a deviation from the frolic to such an extent that it would put the child on notice that an unreasonable risk of injury was involved to either other participants or spectators.

43 A.D.2d at 503, 352 N.Y.S.2d at 734.

The above quoted authorities are part of a line of authorities generally holding that

---

**2.** Appellants argue that the cause of the accident in question is not undisputed because Dominique Brady's father stated that he believed that his son was injured after having been "swung around" by Hank Dupree. However, Mr. Brady testified that he had not in fact seen such event take place but held this opinion on the basis of what his son had stated when he had walked into the room where the adults were playing cards. Dominique Brady was not deposed and there was no admissible testimony other than the testimony of Hank Dupree as to the actual cause of the accident which would raise a factual dispute in this matter.

**300**

children are not liable for injuries arising from their conduct while participating in children's games if the games are customarily played by children and are not inherently unreasonably dangerous. *See also Davis v. Allstate Ins. Co.,* 206 So.2d 748 (La.App. 1968) (twelve year old playing tackle football not liable as a matter of law for injuries sustained by four year old who was knocked down). *Compare Mann v. Cook,* 346 Mass. 174, 190 N.E.2d 676 (1963) (fourteen year old who made a whip out of wire and injured another minor could be held liable for injuries sustained using a standard of care applicable to a fourteen year old of similar intelligence and experience). *See generally Annot., Injuries by Children at Play,* 173 A.L.R. 890 (1948); *Annot., Tort Liability of Child of Tender Years,* 67 A.L. R.2d 570, § 5 (1959).

■ We cannot say that the activities engaged in by Hank Dupree and Dominique Brady and the other children were unreasonably dangerous nor that Hank Dupree's behavior in participating in the game fell below the standard of care required of an ordinary child of like age, intelligence and experience. There is no evidence that the children were directed not to play this particular game because it was dangerous. These facts leave no room for a reasonable difference of opinion as to what the normal ordinary boy of that age would have done under the circumstances. Even when viewing the evidence in a light most favorable to the appellant, we find that the evidence is insufficient to show that the defendant minor Hank Dupree breached any duty of care owed by him to Dominique Brady.

The judgment of the trial court is affirmed.

FROEB, P.J., and GREER, J., concur.