NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

RACHEL GARCIA, the natural mother of NEVAEH GARCIA, for and on
behalf of NEVAEH GARCIA, a minor, *Plaintiff/Appellant*,

*v.*

A-PLUS PRESCHOOL AND CHILD CARE, an Arizona business;
GEORGE CURRAN and LENORA JEAN CURRAN, husband and wife,
*Defendants/Appellees*.

No. 1 CA-CV 13-0635
FILED 4-30-2015

---

Appeal from the Superior Court in Maricopa County
No.  CV2011-012193
The Honorable J. Richard Gama, Judge

**AFFIRMED**

---

COUNSEL

Cohen Law Firm, Phoenix
By Larry J. Cohen
*Counsel for Plaintiff/Appellant*

Law Offices of David R. Penilla, PLLC, Peoria
By David R. Penilla
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

**P O R T L E Y**, Judge:

**¶1**        Rachel Garcia, on behalf of her daughter, Nevaeh, appeals the summary judgment granted in favor of A-Plus Preschool and Child Care, and George and Lenora Curran, ("A-Plus"), as well as the denial of her motion for a new trial.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Ms. Garcia, a working parent, placed her then three-year-old daughter, Nevaeh, in child care with A-Plus.  While at A-Plus on November 24, 2010, Nevaeh was on the playground playing on the large truck tire when another child pushed her off the tire.[1]  Nevaeh fell and broke her arm.

**¶3**        The teacher on the playground, Brianna Burrier, reported that her attention had been drawn to other children and she did not see the incident that led to Nevaeh's fall.  And there were no other staff members on the playground who might have seen the incident.

**¶4**        Ms. Garcia sued A-Plus for negligence.  After A-Plus answered the complaint and discovery was conducted, A-Plus filed a motion for summary judgment arguing that it was entitled to summary judgment because no admissible evidence had been presented indicating that Ms. Burrier's distracted attention caused or contributed to the child's injury.  A-Plus did not dispute that:  it owed a duty to keep Nevaeh safe from reasonably foreseeable harm; it failed to adhere to its policy to keep all children on the playground within sight; Nevaeh suffered an injury while under A-Plus's supervision.

**¶5**        After briefing, the superior court granted A-Plus's motion for summary judgment.  Ms. Garcia filed an unsuccessful motion for new trial.

---

[1] Although no one actually saw a child push Nevaeh off the tire, the parties do not contest that it likely occurred.

She appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A).[2]

## DISCUSSION

### I.

¶6　　　　Ms. Garcia contends that the superior court erred by granting A-Plus's motion for summary judgment.  Specifically, she argues that there is a genuine dispute of material fact concerning the existence of causation which the court should have allowed a jury to resolve.

¶7　　　　We review summary judgment de novo to determine if any genuine issues of material fact exist and whether the trial court properly applied the law.  *L. Harvey Concrete, Inc. v. Angro Constr. & Supply Co.,* 189 Ariz. 178, 180, 939 P.2d 811, 813 (App. 1997) (citations omitted).  We view the evidence and draw all inferences in the light most favorable to the non-moving party.  *Id.* (citation omitted).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  Moreover, summary judgment is only appropriate "if the facts produced in support of the claim or defense have so little probative value . . . that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense."  *Orme Sch. v. Reeves,* 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

¶8　　　　Ms. Garcia alleges A-Plus was negligent and its negligence resulted in her daughter's injury.  Negligence is "the failure to act as a reasonable and prudent person would act in like circumstances."  *Morris v. Ortiz*, 103 Ariz. 119, 121, 437 P.2d 652, 654 (1968).  Generally, a plaintiff has to prove the four elements of negligence — the existence of a duty, breach of that duty, a causal connection between the breach and the plaintiff's resulting injury, and actual damages.  *Saucedo ex rel. Sinaloa v. Salvation Army*, 200 Ariz. 179, 183, 24 P.3d 1274, 1278 (App. 2001).  The superior court, however, has to determine the existence of a duty.  *See Barkhurst v. Kingsmen of Route 66, Inc.*, 234 Ariz. 470, 472-73, ¶¶ 9-10, 323 P.3d 753, 755-56 (App. 2014).  Here, the only dispute is the existence of causation.

¶9　　　　Arizona requires a two part analysis of causation:  cause-in-fact and proximate cause.  *See Rogers ex rel. Standley v. Retrum,* 170 Ariz. 399, 401, 825 P.2d 20, 22 (App. 1991) (describing two causation elements as cause-in-fact and foreseeability or proximate cause).  Cause-in-fact is

---

[2] We cite to the current version of the statute unless otherwise noted.

demonstrated where the evidence shows that "but for" a defendant's conduct the injury would not have occurred. *Ontiveros v. Borak*, 136 Ariz. 500, 505, 667 P.2d 200, 205 (1983). Then, "[t]he proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by an efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Brand v. J. H. Rose Trucking Co.*, 102 Ariz. 201, 205, 427 P.2d 519, 523 (1967).

¶10        Generally, causation is left to the jury to decide. *Ontiveros*, 136 Ariz. at 505, 667 P.2d at 205 (cause-in-fact); *Ritchie v. Krasner*, 221 Ariz. 288, 298-99, ¶ 23, 211 P.3d 1272, 1281-82 (App. 2009) (proximate cause). If, however, the evidence is insufficient to allow a jury to reasonably infer "the negligent conduct on the part of the defendant was a proximate cause of plaintiff's injuries," *Ritchie*, 221 Ariz. at 298, ¶ 23, 211 P.3d at 1281 (internal quotation marks and citations omitted), the court may resolve the issue. *See Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 358, 706 P.2d 364, 370 (1985). But the mere fact of an accident resulting in injury does not, of itself, constitute proof that someone's negligence caused the accident. *See First Nat'l Bank of Ariz. v. Dupree*, 136 Ariz. 296, 298, 665 P.2d 1018, 1020 (App. 1983).

¶11        Moreover, our supreme court has provided guidance to analyze the elements of negligence when a child is injured in a school or related setting. In *Morris*, the court recognized that a teacher or school cannot be held liable for a child's injury without an adequate showing that the adult's action or inaction proximately caused the injury. 103 Ariz. at 119, 437 P.2d at 652. Morris, a high school student, was in an auto mechanics class and injured his hand when another student jumped onto the car bumper he was holding. *Id.* at 120, 437 P.2d at 653. The trial court granted a directed verdict for the teacher and school because the teacher, who was with other students at the time, was unaware that a student intended to jump on the bumper, and "the only inference is that [the jumping student's] act was wholly unexpected;" or stated differently, there was no evidence that the actions or inactions of the teacher could have prevented Morris's injury. *Id.* at 121, 437 P.2d at 654. The court concluded by stating: "[t]o hold that [a teacher] had to anticipate [a student's] act and somehow circumvent it is to say that it is the responsibility of a school teacher to anticipate the myriad of unexpected acts which occur daily in and about schools and school premises, the penalty for failure of which would be financial responsibility in negligence." *Id.*

¶12        Here, Ms. Garcia asserts that Ms. Burrier's duty while the children were playing was to place herself in a location on the playground where she could both observe all the students all the time and be able to

step in to prevent any injury under any circumstance. And Ms. Garcia contends that the teacher's failure to be properly located in this case was the proximate cause of her daughter's injury. She argues that a jury could infer that if Ms. Burrier's attention had been focused on Nevaeh immediately prior to the incident, she could have prevented the other child from pushing Nevaeh off the tire.

¶13        The only evidence presented for the court's consideration was that Ms. Burrier was supervising thirteen small children on the playground; that her attention was momentarily focused on the other youngsters on the playground at the time Nevaeh was pushed; and, when her attention was refocused on Nevaeh, she sent the youngster to the office because Nevaeh's arm was hurting. The only witnesses to the incident, two three-year-olds, were too young to testify.

¶14        Moreover, Ms. Garcia did not present any admissible evidence that would suggest or infer that even if Ms. Burrier had been watching Nevaeh and the other child, she could have prevented the incident that led to Nevaeh falling off the tire. Because there was no evidence to show that Ms. Burrier was negligent, there was no evidence from which reasonable people might infer that her negligence was the "but for" cause of the accident. Therefore, it is only speculation to presume that if Ms. Burrier had not been temporarily distracted by other children, Nevaeh would not have been injured. *See Orme*, 166 Ariz. at 309, 802 P.2d at 1008 (the mere existence of a scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for plaintiff) (citation omitted). Consequently, the court did not err in granting summary judgment.

## II.

¶15        Ms. Garcia also challenges the denial of her motion for new trial. We review her challenge for a clear abuse of discretion because a trial court has considerable discretion to grant or deny a motion for new trial. *Suciu v. AMFAC Distrib. Corp.*, 138 Ariz. 514, 520, 675 P.2d 1333, 1339 (App. 1983). A court may vacate its verdict, decision or judgment and grant a new trial when "the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law." Ariz. R. Civ. P. 59(a). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record fails to provide substantial evidence to support the trial court's finding." *Flying*

*Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007) (citation omitted and internal quotation marks omitted).

**¶16**         In her motion for new trial, Ms. Garcia asked the court to vacate the summary judgment and grant her a new trial because she presented sufficient evidence on causation to create a genuine issue of material fact. However, the court found that she presented no admissible evidence establishing the sequence of events leading up to Nevaeh's injury, or whether Ms. Burrier could have prevented the accident and, as a result, "a jury would be left to speculate on the issues of causation and liability."

**¶17**         After reviewing the record and considering our analysis of the grant of summary judgment, supra ¶¶ 7-13, we find the court did not abuse its discretion in denying the motion for new trial. Although the accident was unfortunate, and we hope the arm has healed, there was no evidence presented to the trial court of any negligent conduct which would allow reasonable people to infer that the conduct of school personnel was a proximate cause of the accident.

## CONCLUSION

**¶18**         Based on the foregoing reasons, we affirm the court's summary judgment and denial of the motion for new trial.



Ruth A. Willingham · Clerk of the Court
FILED: ama