LAWRENCE H. WINTER, Plaintiff-Appellee *v.* BERNARD SCHERMAN, Administrator of the Estate of Paul Ludwig Pfeiffer, deceased, Defendant-Appellant.

LAWRENCE H. WINTER, Administrator of the Estate of Jan Leonce Winter, deceased, Plaintiff-Appellee *v.* BERNARD SCHERMAN, Administrator of the Estate of Paul Ludwig Pfeiffer, deceased, Defendant-Appellant.

NO. 5707

SEPTEMBER 29, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

These actions arise out of a single vehicle accident involving a vehicle driven by defendant-appellant's decedent which caused the death of plaintiff-appellee's daughter, a passenger in the vehicle. Appellee sued individually and as administrator of the estate of his daughter (references herein to Appellee include him in both capacities). The actions were consolidated for trial and the appeals have been treated as consolidated. At the close of the evidence Appellee moved for a directed verdict for Appellee, which was denied. The jury returned a verdict for Appellant. On motion of Appellee an order was entered granting judgment notwithstanding the verdict in favor of Appellee and against Appellant on the issue of Appellant's liability and granting a new trial on the issue of damages only, or in the alternative, if the order granting judgment notwithstanding the verdict should thereafter be vacated or reversed, on the issue of Appellant's liability as well as damages. This interlocutory appeal was taken from that order, pursuant to allowance by the trial court. We affirm the order.

Appellant has argued that the denial of the motion for a directed verdict foreclosed the granting of a judgment notwithstanding the verdict in the same state of the evidence. It is sufficient to point out that Rule 50(b), H.R.C.P., provides that whenever a motion for a directed verdict made at the close of all of the evidence is denied, the court is deemed to have submitted the action to the jury subject to a later determination of the legal issues raised by the motion and may grant a motion for judgment notwithstanding the verdict after the verdict has been returned by the jury. We turn to consideration of the merits of the trial court's ruling.

The facts are disclosed by Appellant's admissions and uncontroverted evidence. The accident occurred around 9 P. M. The vehicle driven by Appellant's decedent, a 1966 GMC van, was last observed prior to the accident proceeding in an unexceptional manner on a section of Kamehameha Highway with one lane in each direction and a speed limit of 45 miles per hour. The van failed to negotiate a curve to the right, described as fairly gentle, and crossed the opposite lane onto the opposite shoulder of the highway. It then travelled on the shoulder, parallel to the pavement, for 225 feet[1] until it collided with a utility pole which was thereby broken off. After the collision with the pole, the van overturned, the nearest point of the van being 53 feet from the location of the utility pole when it came to rest. Appellee's daughter was riding as the only passenger in the van and Appellant's decedent was driving the van, at the time of the accident and just prior thereto. Both driver and passenger died from injuries received in the accident. No other vehicle was involved in the accident, and there was no evidence of any defects in or objects on the highway which could have contributed to the accident. No mechanical defect in the van was discovered. There were no eyewitnesses of the accident.

Before the accident, Appellee's daughter and Appellant's decedent had been attending a party, at which Appellant's decedent drank a small quantity of beer and scotch but did not appear intoxicated. Appellant's decedent was a medical doctor who was "on call" at the time of the accident and earlier in the day had treated two emergency room patients at Kahuku Hospital.

This case involves the rule of res ipsa loquitur, which we have said permits an inference of negligence "whenever a thing that produced an injury is shown to have been under the control and management of the defendant and the occurrence is such as in the ordinary course of events does not happen if

---

[1] Although this distance was not admitted during the trial, at the oral argument counsel for both parties agreed on the correctness of a sketch plan showing the course and distances travelled by the van in the accident.

due care is exercised." *Cozine v. Hawaiian Catamaran, Ltd.*, 49 Haw. 77, 82, 412 P.2d 669, 675 (1966), quoting from *Ciacci v. Wooley*, 33 Haw. 247, 257 (1934), quoting in turn from *Morgan v. Yamada*, 26 Haw. 17, 24 (1921). It has been argued that there is nothing distinctive about the doctrine of res ipsa loquitur, and that the logic used in res ipsa loquitur cases is the same as that in all cases of circumstantial evidence. 2 HARPER AND JAMES, TORTS § 19.5, p. 1079 (1956). We have treated the doctrine as one which, where applicable, raises a rebuttable inference which allows a plaintiff to get his case to the jury. *Guanzon v. Kalamau*, 48 Haw. 330, 332, 402 P.2d 289 (1965).

In the absence of any evidence of how the accident occurred without fault on the part of Appellant's decedent, the parties agree that the circumstances at least raised an inference of negligence which could properly be submitted to the jury. They dispute whether application of the doctrine of res ipsa loquitur raises a presumption of negligence which entitles the plaintiff to a directed verdict in the absence of any evidence rebutting the presumption. We have had occasion to consider these contentions and have refused to be drawn into the argument.

It would serve no purpose to scrutinize at length the language used in the opinions of this court to ascertain whether the word used in speaking of the *res ipsa* doctrine's effect was 'presumption' or 'inference.' We here are dealing with the form of an instruction. The important point is the preservation of the province of the jury. If the case is one in which there is a choice to be made between conflicting inferences as to which reasonable men may differ the jury should be instructed in such manner as to leave to them that choice. Prosser, *Res Ipsa Loquitur in California, supra,* 37 Calif. L. Rev. 183, 217-21. As was stated in *Guanzon v. Kalamau,* 48 Haw. 330, 335, 402 P.2d 289, 292, note 3, an instruction covering the doctrine of *res ipsa loquitur* should permit, but not compel, an inference of negligence. On the other hand, if the evidence is such as to compel an inference of negli-

gence the court should deal with it as in any other situation where the court deems that reasonable men could reach only one conclusion, and should direct a verdict unless there are other issues for the jury such as contributory negligence or proximate cause. *(Cozine v. Hawaiian Catamaran, Ltd, supra* at 87-88.)

We adhere to these views, which have substantial support elsewhere. Annotation: Res ipsa loquitur as ground for direction of verdict in favor of plaintiff, 97 A.L.R. 2d 522 (1964); 2 HARPER AND JAMES, TORTS § 19.11, p. 1100 (1956). It follows that, although no evidence is introduced which tends to rebut the inference of negligence, the inference arising from the facts of a particular case might not be inescapable and might still be subject to rejection by the jury. In that event, a motion for directed verdict in reliance solely upon the doctrine should be denied. The question becomes whether the evidence is such as to inescapably compel an inference of negligence. We agree with the trial court that the answer must be affirmative in the present case. Appellant argues that there are reasonable possible explanations of the accident other than negligence, but suggests only the possibilities of "horseplay" in the van, an animal or child in the road or a mechanical defect of some kind in the van. However, there was no evidence whatever supporting these inferences and the most that can be said is that there was no evidence which directly negated them. We conclude that the inference of negligence here is so strong that it could not reasonably have been rejected by the jury in favor of such speculative hypotheses. The trial court did not err in granting judgment for Appellee notwithstanding the verdict. *Tsugawa v. Reinartz,* 56 Haw. 67, 527 P.2d 1278 (1974).

The order appealed from is affirmed and the case is remanded for further proceedings.

*Willson C. Moore, Jr., (Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for Defendant-Appellant.

*Burnham H. Greeley* for Plaintiff-Appellee.