No. 14230

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

ALBERT J. HELMKE, JR.,

Plaintiff and Appellant,

-vs-

GILBERT B. GOFF,

Defendant and Respondent.

---

Appeal from: District Court of the Nineteenth Judicial District,
Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

For Appellant:

Terry N. Trieweiler argued, Whitefish, Montana

For Respondent:

Murphy, Robinson, Heckathorn and Phillips, Kalispell, Montana
I. James Heckathorn argued, Kalispell, Montana

---

Submitted: March 23, 1979

Decided: JUN 1 8 1979

Filed: JUN 1 8 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the opinion of the Court.

This is an appeal from a judgment based on a jury verdict for the defendant (Goff) in the District Court of the Nineteenth Judicial District, Lincoln County.

Plaintiff (Helmke) filed his action against Goff alleging that on August 25, 1975 on Montana secondary highway no. 202, approximately 4.4 miles from Troy, Montana, Goff negligently drove his 1966 Volkswagen sedan in such a manner that it went out of control, off the highway, and rolled over several times. Helmke, a passenger in the vehicle at the time of the accident, was injured.

In his answer, Goff admitted the happening of the accident, but denied that any negligent act on his part caused the plaintiff's injuries. Beyond the general denial of negligence, no affirmative defenses were interposed by Goff.

At the close of evidence in the trial, both parties moved for directed verdicts. The motions were denied and the cause submitted to the jury. A general verdict was found for Goff. Helmke moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial. His motions were denied and Helmke duly filed his appeal to this Court.

The suit arises out of a single vehicle accident which occurred on a clear sunny August afternoon. The investigating highway patrolman found that the automobile crossed the center line of the two lane highway onto the unpaved left shoulder, skidded 49 feet back into the right lane, then left the roadway on the right-hand side, overturned and rolled some 86 feet before coming to rest in a ditch on the right-hand side of the road. There were no defects or obstructions in the roadway and the pavement was dry. The driver testified that his visibility was unhampered and that his car had no mechanical

-2-

defects. He testified he was not tired, had no physical ailments or infirmities to impede his driving, and he was not intoxicated. The evidence has shown, however, that he and plaintiff had consumed a six-pack of beer in the morning and later in the day, just before the accident, had been passing a wine bottle back and forth and that the wine was probably half consumed at the time of the accident. He agreed that Helmke had not contributed to the happening of the accident. Neither Helmke nor Goff knew how the accident happened and testified to that effect at the trial.

There was some contention during the trial that there may have been a sudden loss of air in one of the tires of the vehicle, but the patrolman testified that such an incident would have been the result of the accident itself.

In its charge to the jury, the trial court instructed both on ordinary negligence and res ipsa loquitur. With respect to ordinary negligence, it told the jury that a violation of law had to be the proximate cause of the plaintiff's injuries; that a violation of an applicable statute was negligence as a matter of law; and instructed on the "basic rule of vehicle operation," section 32-2144(a), R.C.M. 1947, now section 61-8-303(1) MCA, and upon the necessity of driving on the right half of the road, section 32-2151, R.C.M. 1947, now section 61-8-321 MCA.

The District Court did not take the MJIG instruction on res ipsa loquitur, but instructed as follows:

> "If you find, (1) that injury to the Plaintiff was proximately caused by the fact that the automobile which Defendant was driving left the road and rolled over; (2) that at the time of said accident the automobile in which the Plaintiff was injured was under the Defendant's exclusive control or management, so that the Defendant had superior means for determining the cause of the accident; and (3) that in the

normal course of events the accident and
ensuing injury would not have occurred without
the negligence of the person having control and
management of the automobile, then you may
find that the accident and ensuing injury
were caused by the negligence of the Defendant.

"However, you shall not find that a proximate
cause of the occurrence was some negligent
conduct on the part of the defendant unless
you believe, after weighing all the evidence
in the case and drawing such inferences therefrom
as you believe are warranted, that it is more
probable than not that the occurrence was caused
by some negligent conduct on the part of the
Defendant."

The trial court also gave the "mere happening" instruction as follows:

"The mere fact that an accident happened,
considered alone, does not give rise to
an inference that it was caused by negligence
or that any party to this action was negligent."

We restate the issues on appeal as follows:

1.  Assuming a res ipsa case, is the court or jury compelled to find for the plaintiff where the defendant does not attempt to explain the accident or to show his lack of negligence?

2.  What is the effect of the "mere happening" instruction in a res ipsa case?

3.  Is the verdict of the defendant here supported by the evidence?

Under the first issue, Helmke contends that the trial court should have granted his motion for a directed verdict, or for judgment notwithstanding the verdict. Goff, on the other hand, though admitting that this is a res ipsa case, nevertheless states that the circumstances shown in the evidence, that it happened quite fast, that there were two flat tires on the automobile after the accident, that Helmke could point to no negligent act in the driving of the automobile, and a few other circumstances, meant that the jury was properly allowed to decide the issue.

-4-

The procedural effect of the res ipsa case, that is whether the burden of proof upon the establishment of such a case shifts to the defendant, has been discussed in some Montana cases. In Whitney v. Northwest Greyhound Lines (1952), 125 Mont. 528, 242 P.2d 257, 258, this Court examined the problem but declined to decide it:

> "Error is predicated upon instructions given over plaintiff's objection and in refusing some instructions offered by plaintiff. The principal legal question presented is whether the doctrine of res ipsa loquitur applies under facts and circumstances presented by the record, and if so, was the jury properly instructed on the subject. Interwoven with this general subject is the usual difference of opinion between counsel as to whether under that doctrine there is a shifting of the burden of proof. On that point the courts are in disagreement. Even this court has gone both ways on the question."

Decisions vary from state to state as to whether the burden of proof shifts to the defendant in a res ipsa case. Authorities attempt to explain the disparity in these decisions by determining whether the jurisdiction follows the "permissible inference" theory or the "rebuttable presumption" theory. See 2 Harper and James, Law of Torts §19.11 /pp. 1100-1102. It is safe to say that the difference between an inference and a presumption escapes all but the most nimble legal minds. Statutory definitions do not help much. Section 93-1301-2, R.C.M. 1947, now section 26-1-501 MCA defines an "inference" as a "deduction . . . from the facts proved, without an express direction of the law to that effect." On the other hand, section 93-1301-3, R.C.M. 1947 (now repealed), defined a presumption as a "deduction which the law expressly directs to be made from particular facts". Both inferences and presumptions are deductions made from facts; both are forms of indirect evidence. Section 26-1-102(4)(b) MCA, formerly section 93-1301-1, R.C.M. 1947. The difference seems to be that a presumption is founded upon an express direction of "the law".

-5-

It is not necessary for us, however, to attempt to classify this jurisdiction as one following the "permissible inference" theory, or the "rebuttable presumption" theory. It is our opinion that a res ipsa case does not put the defendant in a position of having to prove an affirmative defense to escape liability. The language in Sweeney v. Erving (1913), 228 U.S. 233, 240, 33 S.Ct. 416, 418, expresses our position:

> ". . . res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish such circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

Obviously, the question of whether the court, at the close of all the evidence in the res ipsa case, should grant a motion for directed verdict, or later a judgment notwithstanding the verdict, will depend upon the facts proved in each individual case. We can conceive of situations where the inference of negligence in a res ipsa case would be so strong that persons of reasonable minds could not reach differing conclusions as to the negligence of the defendant. When that occurs, the course to be followed by the District Court should be no different than in any other case when faced by a motion for a directed verdict.

In this case, we do not find that the District Court abused its discretion in refusing to grant a directed verdict or a judgment n.o.v.

-6-

The inferences of fact raised by plaintiff's case were to be determined by a jury, which is the trier of all fact issues where a jury trial is demanded. Rule 39(a), Mont.R.Civ.P.

The second issue, the giving of the "mere happening" instruction in a res ipsa case, is of more grave consequence, and in our view requires a reversal of this case.

The statement that the fact of an accident or collision alone is no evidence of negligence has found its way into a number of opinions from this Court. See for example, Baatz v. Noble (1937), 105 Mont. 59, 69 P.2d 579; Cowden et al. v. Crippen (1936), 101 Mont. 187, 53 P.2d 98; Autio v. Miller (1932), 92 Mont. 150, 11 P.2d 1039. However, we pointed out in Hunsaker v. Bozeman Deaconess Foundation (1978), _____ Mont. _____, 588 P.2d 493, 35 St.Rep. 1647, that while occasionally, a statement in an opinion may also be a good jury instruction, opinions are not designed to be jury instructions.

Also in Hunsaker, with respect to a "mere happening" instruction in a res ipsa case, this Court said:

> "In Graham v. Rolandson (1967), 150 Mont. 270, 435 P.2d 263, an ordinary negligence action, we condemned an 'unavoidable accident' instruction. There we concluded that it injected a straw issue into the case and is confusing to the jury. This is somewhat akin to 'the mere fact of an injury' instruction as was given in this case. In Gagosian v. Burdick's Television & Appliances (1967), 254 Cal.App.2d 316, 62 Cal.Rptr. 70, California eliminated 'the fact of an injury' instruction from ordinary negligence actions, stating:
>
> "'. . . Since it but elucidates the obvious to the jury, and need not be given to meet any rule of appellate procedure, we join heartily in the recommendation of its authors for its "decent burial". The trial judge who strikes the "mere happening" instruction from his instruction book and completely erases it from his memory will save time in instruction and much in retrial after reversal.'

"We also conclude that in an ordinary negligence action that such instruction should be given a 'decent burial' in this State." 588 P.2d at 506, 507.

The evil in giving such an instruction in a <u>res ipsa</u> case is that the jury may consider that they are foreclosed from considering the evidence provided by the happening of the accident itself. Jensen v. Minard (1955), 44 Cal.2d 325, 282 P.2d 7, 9. Therefore we hold the instructions here to be so incompatible as to require reversal.

In view of our holding on the second issue, it is unnecessary to review whether the evidence supported the defendant's verdict.

The cause is reversed and remanded for a new trial.


We Concur:

_____
                          Justice

_____

_____
Justices


Mr. Chief Justice Frank I. Haswell and Mr. Justice John C. Harrison would affirm the judgment of the District Court.