MR. JUSTICE SHEA
dissenting:
*272 I do not believe Officer Denning was competent to give his opinion as to the cause of the accident. Furthermore, the doctrine of res ipsa loquitur does not apply in this case.
The plaintiffs filed a motion in limine seeking an order from the trial court restricting Officer Denning’s testimony to matters within his education, experience and competence. The trial court denied this motion and Denning then testified at his deposition that the cause of the accident was that the vehicle’s pitman arm broke at a weld point as the vehicle entered the second curve. Although I do not believe that Officer Denning should necessarily have been restricted at his deposition, I do believe that the trial court had no right to rely on his opinion testimony in granting summary judgment to the defendant. Officer Denning was clearly not qualified to render an opinion on the subject.
An expert witness may be qualified by professional, scientific or technical training, or have practical experience in some field or activity conferring upon him a special knowledge. The true test would seem to be whether the subject is sufficiently complex so as to be susceptible to opinion evidence, and whether the witness is properly qualified to give his opinion. McGuire v. Nelson (1975), 167 Mont. 188, 200, 536 P.2d 768. The most critical considerations to be made are the qualifications of a person to give his opinion. Here, on the question involved, the highway patrolman had none at all.
Highway patrolmen may reconstruct and give opinion testimony as to the cause of an accident based upon their investigation. State v. Deshner (1971), 158 Mont. 188, 193, 498 P.2d 1290. There is no doubt here that expert opinion evidence concerning the pitman arm is required, for the knowledge and expertise required to form an opinion concerning the pitman arm is beyond that possessed by a layman. But Officer Denning had no qualifications to provide the necessary opinion. The record indicates that he is a high school graduate, had no metallurgical training, and no special knowledge of stress or force. Furthermore, he had no special training in mechanics and possessed no identifiable qualifications or *273 knowledge relating to weld strength, metal stress, design or defect. He had no previous experience investigating an accident involving a broken pitman arm or defect in the steering mechanism. His testimony at deposition was devoid of any factual basis in support of his opinion concerning the pitman arm.
The knowledge and experience required in the instant case is beyond that within the normal competence of a highway patrolman. An expert opinion concerning the pitman arm does not relate at all to training or experience in estimating speed, examining skid-marks, and the performance of similar investigative functions. The question related to metallurgical factors and the officer had absolutely no qualifications to give an opinion in this area.
Modern day lawsuits could rarely function without the aid of expert witnesses. Indeed, it seems that the need for the so-called expertise at trial sua sponte gives birth to the presence of an effect of some kind to provide the necessary opinion. But there are limits to the use of expert testimony, and trial courts must recognize those limits. Here, Officer. Denning clearly lacked the necessary qualifications to render an opinion in relation to the metallurgical failure of the pitman arm. Discretion of a trial court in permitting expert testimony is no substitute for careful consideration of the underlying qualifications of a witness to advance his opinion on a subject requiring expert opinion.
The determination by the majority that a conclusion that the driver was negligent would be mere speculation is but a speculative comment itself, for it fails to consider the proper role of res ipsa loquitur.
I have no quarrel with the three element test set forth by the majority as necessary for the application of the doctrine of res ipsa loquitur; Montana Deaconess Hospital v. Gratton (1976), 169 Mont. 185, 545 P.2d 670, correctly sets it forth.
The first element of res ipsa loquitur, that of “defendant’s exclusive control at the time of injury”, does not require direct evidence of actual physical control at the time of injury. It is sufficient to show that the defendant exercised control some time prior *274 to the injury, Knowlton v. Sandaker (1968), 150 Mont. 438, 446, 436 P.2d 98. The record reveals that Granrud was driving the vehicle when he picked up Mets; and Granrud was observed driving the vehicle approximately thirty minutes before the accident occured. Officer Denning, following an investigation of the accident scene, determined that Granrud was the driver and Mets was the passenger. Officer Denning’s determination was based upon the location of Granrud and Mets in relation to the position of the vehicle. The first element of res ipsa loquitur is thus satisfied.
The second element of res ipsa loquitur, that "the injury must be one that does not ordinarily occur if the party in control uses proper care”, is also satisfied. The accident occurred at the point where the road curves, on a sunny and clear day, the pavement was dry, and there was no evidence that the brakes had been applied. Mets died as a result of the accident and Granrud has no memory whatsoever concerning the facts and events surrounding the accident. Additionally, there were no witnesses to the single vehicle accident. Officer Denning investigated the accident scene and said that there were no objects in or on the road which would have caused the accident.
It is reasonable to assume that under normal circumstances automobiles simply do not veer off the road into a borrow pit unless the driver has been negligent. The majority conclusion that it is possible that the accident was not due to the driver’s fault, that is, that the cause of the accident may have been due to brake failure, or some other reason, is itself mere speculation. The plaintiffs here were not required to eliminate all possibilities of how the accident may have happened. Plaintiffs were required only to establish a factual basis to infer negligence on the part of the driver. The inference is clear in this case; whether the jury would have accepted this inference is yet another matter.
The conflicting opinions of Officer Denning and Mr. Godtland concerning the pitman arm as the causative agent of the accident, do not cancel the application of the doctrine of res ipsa loquitur. Indeed, if this were the case, a defendant could defeat the applica *275 tion of res ipsa loquitur by hiring himself a pseudo expert (in essence, what happened in this case) to render an opinion as to what caused the accident. Here the majority has classified Officer Denning as an expert witness in relation to metallurgy and pitman arms and by permitting his testimony, has denied plaintiffs an opportunity to take their case to the jury under the doctrine of res ipsa loquitur. This is hardly a fair result, especially when plaintiffs had their own expert, who was properly qualified, to testify that the cause of the accident was not a broken pitman arm or defective steering mechanism.
Assuming the qualifications of Officer Denning to give his opinion in relation to the pitman arm, the majority cannot then declare that Mr. Godtland was not at least equally qualified to give his opinion that the accident was not caused by a broken pitman arm or defective steering mechanism. If the jury chose to believe Mr. Godtland rather than Officer Denning, then the jury could proceed to find negligence on the part of the driver based upon the inferences permitted by the doctrine of res ipsa loquitur. But the majority here has usurped the function of the jury.
The third element of res ipsa loquitur, that “the injury must not be due to any fault on the part of the injured person”, is also satisfied. There is absolutely no evidence indicating that the deceased was at fault in any manner. Obviously, there is no direct evidence as to the lack of fault on the part of the deceased; just as there is no direct evidence of fault on the part of the defendant. But this situation calls for the application of res ipsa loquitur. The doctrine permits the case to go to the jury where there is a lack of direct evidence on these matters. If there were direct evidence, the doctrine either would not apply or would have limited applicability.
The Hawaii case of Winter v. Scherman (1976), 57 Haw. 279, 554 P.2d 1137, is in point. The facts of Winter are similar to the facts of this case. In Winter, a vehicle failed to negotiate a curve, crossed into the opposite lane of traffic, onto the opposite shoulder of the highway, and traveled on the shoulder parallel to the pave- *276 merit for 225 feet until it collided with a utility pole. After the collision with the pole, the vehicle overturned. There were no defects in or objects on the highway, no mechanical defect in the vehicle was discovered, and no eyewitnesses of the accident. Both the driver and passenger died from injuries received in this single car accident. Under these facts, the Hawaii Supreme Court held that an inference of negligence was created through the application of the doctrine of res ipsa loquitur.
The only difference between Winter and the instant case is the question of mechanical defects. In Winter, no mechanical defects in the vehicle were discovered. In the instant case Officer Denning determined that the pitman arm broke, which vyas the cause of the accident. However, as previously discussed, Officer Denning was not qualified as an expert or competent to give such an opinion concerning causation; and therefore-this opinion should not have been considered by the District Court. Furthermore, there was contrary opinion evidence provided by the plaintiffs.
The doctrine of res ipsa loquitur is not an exception to the rule that the burden is on the plaintiff to prove actionable negligence, nor does it permit a recovery on mere proof of the injury. It merely has the force of a disputable presumption of law and supplies the place of proof necessarily wanting when the injured party cannot disclose the cause of his injury, but where it is apparent that the accident would not ordinarily have happened had the defendant exercised ordinary care. Stocking v. Johnson Flying Service (1963), 143 Mont. 61, 68, 387 P.2d 312.
The procedural effect of the application of the doctrine of res ipsa loquitur is important. Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish such circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it ap *277 plies, does not convert the defendant’s general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff. Helmke v. Goff (1979), 182 Mont. 494, 597 P.2d 1131.
The trial court should have denied the defendant’s motion for summary judgment, and allowed the plaintiff to take his case to the jury through the application of the doctrine of res ipsa loquitur. Under the facts, reasonable people could reach differing conclusions as to the negligence of the defendant. See Helmke v. Goff, supra, 597 P.2d at 1134, 36 St.Rep. at 1108. The majority opinion has undermined one of the principle functions of res ipsa loquitur — to let a jury determine the ultimate fact of negligence if there is sufficient circumstantial evidence to create an inference. But here, the trial court and this Court had become the trier of fact by declaring that other reasonable possibilities exist which are inconsistent with the driver’s negligence. That may well be true; but if so, it should be a jury making that decision.