ANDERSON, Justice,
for the Court:
Appellant Christopher Sugg filed suit in the Circuit Court of Monroe County alleging he was a guest passenger in a pickup truck driven by Jeffrey Sanderson and owned by G.H. Avery. Sugg was severely injured when the truck left the road and hit a tree. Both appellees denied charges of negligence and raised the defense of assumption of risk, claiming that both parties had been drinking.
The jury returned a verdict in favor of the defendant/appellee. We reverse and remand on grounds of erroneous jury instructions.
FACTS
JEFFREY SANDERSON was employed as a pipefitter for G.H. Avery since 1980. Approximately one week prior to the accident, the company issued Sanderson a pickup truck for business use. It was understood that employees drove the vehicles home and he was instructed of no limits regarding its use.
The parties agree that on the morning of the accident (Memorial Day 1983), Sander-son asked Sugg to help install storage bins on his company truck. Sugg agreed and they worked on the bin from about 9 a.m. until approximately 12 or 1 p.m. They then decided to drive to the Tennessee-Tombig-bee Waterway (a public boat landing and recreational area) since it was a holiday. Sanderson’s company had no business interests or operations in that area.
Sanderson and Sugg were the only witnesses testifying regarding the accident itself and their testimony is somewhat contradictory. Nevertheless, there is testimony that the two spent the day socializing and drinking beer.
There is agreement that the day was clear and the pavement was dry. They left the waterway around 7 p.m. to go home. As they traveled an access road leading to the highway, Sugg cautioned Sanderson about tailgating another vehicle. As they approached a curve in the highway, the right front tire ran off the pavement while Sanderson was attempting to adjust the radio dial. Sanderson jerked the wheel to the left and lost control of the vehicle, hitting two trees. The truck was totalled and both parties were injured.
Appellant Sugg filed this action on February 2, 1984. Sanderson and Avery jointly answered generally denying negligence. They then filed an amended answer raising the defense of contributory negligence and assumption of risk. Appellant alleges seven assignments of error.
After careful review of each of the assignments presented, we find only two of these to be meritorious. Both concern erroneous instructions to the jury.
The first instruction which we find troublesome reads:
The court instructs the jury that as a general rule, the mere fact that an accident has occurred is not, of itself, evidence of negligence on the part of any *911 one, and if you believe that the defendant Jeffrey Sanderson exercised that degree of care that an ordinary, reasonable, prudent person would have exercised under like or similar circumstances at the time of the accident made the basis of this suit, then you must find for the defendant.
Although this instruction is taken from the Mississippi Model Jury Instruction No. 36.19, a caveat in the text urges the user to use caution in giving this instruction. This Court in Fisher v. Daniels, 252 Miss. 662, 173 So.2d 908 (1965), condemned the use of a comparable instruction. The rationale for the court’s position was basically that where the thing [vehicle] is shown to be under the management of the defendant and an accident in the ordinary course of events does not happen when the business is properly conducted, the accident itself raises a presumption of negligence in the absence of any explanation and that the defendant is in a position to ascertain and explain the cause of the injury while the plaintiff is not. Therefore, it is reasonable that the burden of such explanation should rest upon the defendant.
We concur and again caution against the use of this instruction for it is useful only in very unusual circumstances.
The second instruction which requires reversal reads as follows:
The court instructs the jury if you find from a preponderance of the evidence in this case that the defendant committed no negligent act that was the sole proximate cause or a proximate contributing cause of the plaintiff’s injury, but plaintiff’s injury was due directly and exclusively to a tire blowing out on the vehicle upon which defendant was driving and that the blowing out of said tire could not have been prevented by the exercise of reasonable care and foresight, then the court instructs you that the defendant is not liable and your verdict shall be for the defendant.
A thorough review of the record shows little, if any credible testimony to support appellant’s theory of a blowout as the cause of the accident. Both parties during testimony at trial stated that there had been no blowout prior to the vehicle leaving the road. The testimony of Joseph Christopher Sugg, plaintiff/appellant is as follows:
Q. Okay. Before the truck left the road, did you have a blow-out?
A. No, sir.
Thereafter, Jeffrey Sanderson, defendant/appellee, testified:
Q. Now, as a matter of fact, though this has been raised, there was no blow-out before you went off the road, was it?
A. I don’t recall a blow-out before I went off the road.
Q. Right.
A. On the shoulder of the road, on the right side.
Q. In other words, there was no blowout that caused you to run off of the road on the right side?
A. No, sir.
[[Image here]]
Q. Now, at the — tell me how the wreck happened?
A. To the best of my knowledge, I was —I think I was fooling with the radio. I really don’t know. I looked — I looked down, and I looked up, and I’d run off the road on the right-hand side, on the shoulder. And when I jerked the truck back on the road, I completely lost control of it. And I — I think I had a blowout, but I just really don’t know. It happened so fast, it was over. I didn’t have—
Under our rule requiring some credible evidence to support an instruction, the lower court erred in granting an instruction on this issue. Hill v. Dunaway, 487 So.2d 807 (Miss.1986)
As to the other issues argued by appellants, the conflicting evidence and testimony clearly gave rise to a jury question. Further, the facts and evidence supported the “assumption of risk” instruction in this case.
Because of the errors in the instructions to the jury, we reverse and remand for a new trial as to Jeffrey Sanderson.
REVERSED AND REMANDED.
*912 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN, and ZUCCARO, JJ., concur.