Edward Walter **MATTHEWS**, Plaintiff,

v.

**GREYHOUND LINES, INC.,
et al., Defendants.**

**No. CV 93–663 TUC JMR.**

United States District Court,
D. Arizona.

March 24, 1995.

Richard D. Grand, Tucson, AZ, Steven D. Copple, Copple, Chamberlin & Boehm, P.C., Phoenix, AZ, for plaintiff.

William R. Jones and Jay P. Rosenthal, Jones, Skelton & Hochuli, Phoenix, AZ, for defendants.

## ORDER

ROLL, District Judge.

This order supersedes the previous conditional order issued in this matter.

Pending before the Court is plaintiff's motion for summary judgment on the issue of liability and defendants' motion for summary judgment on the issue of punitive damages. For the reasons set forth below, the Court GRANTS plaintiff's motion for summary judgment on the issue of liability and DENIES defendant Greyhound's motion for summary judgment on the issue of punitive damages.

## LIABILITY

### Facts

On September 10, 1993, defendant Roger White was operating a Greyhound Lines, Inc. ("Greyhound") bus en route from Los Angeles to Phoenix. At approximately 7:10 a.m., while traveling on Interstate 10 near Buckeye, Arizona, at an approximate speed of 65 miles per hour, the bus drifted completely off the right side of the road. When the driver sharply corrected to the left, the bus travelled across both lanes and partially left the paved two-lane highway on the left side into the center median. When the driver again steered the bus back onto the highway it overturned on its left side.

Plaintiff Edward Walter Matthews was one of thirty-nine passengers on the bus at the time of this occurrence. Plaintiff has brought this action against defendants Greyhound and Roger White. Plaintiff has submitted a number of affidavits and deposition transcripts, including the transcript of passenger Petra Rivera Josaino, who was sitting in the right front passenger seat and saw Mr. White close his eyes immediately before the accident. Defendants proffer Mr. White's internal accident report, in which he claims that he drifted off the road due to a flash of bright sun in his eyes. The accident report prepared by the Arizona Department of Public Safety indicates that the roadway was dry, straight, in good condition, and the sky was clear. The bus itself showed no apparent defects.

### Standard for summary judgment

A party is entitled to summary judgment if the party can establish that there is no genuine issue of material fact and that based on the facts, the movant is entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c). "A 'genuine issue' is one which requires a trial, i.e., one which a reasonable trier of fact could decide in favor of the party adverse to summary judgment on the available evidentiary record." *United Bank of Arizona v. Allyn*, 167 Ariz. 191, 195, 805 P.2d

1012, 1016 (App.1991) (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). Ordinarily, summary judgment is not appropriate in negligence actions because breach of the duty of reasonable care and proximate cause are fact questions for the jury. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 706 P.2d 364 (1985). Nevertheless, summary judgment is appropriate where all reasonable people must draw the same conclusion. *Talbot v. Schroeder*, 13 Ariz.App. 230, 475 P.2d 520 (1970).

### Discussion

■ Defendants maintain that the mere occurrence of an accident does not raise even an inference of negligence. *First Nat'l Bank of Arizona v. Dupree*, 136 Ariz. 296, 665 P.2d 1018 (App.1983).[1]

Here, however, the documentation submitted tends to establish much more than the mere occurrence of an accident. A driver operating a bus free of defects on a roadway without any apparent flaws, drove off the highway and, in attempting to correct the course of the bus, caused the bus to flip over on its side. Two explanations are tendered, one by plaintiff and one by the defendants. Plaintiff suggests that the bus driver fell asleep. Defendants contend that the driver was blinded by the sun while the driver was operating the bus eastbound at sunrise.

The otherwise unexplained departure of a vehicle from a roadway resulting in a single-car accident has been held to raise a presumption of negligence requiring the driver to tender a reasonable explanation to refute that presumption. *Sugg v. Sanderson*, 515 So.2d 909 (Miss.1987).

In *Winter v. Scherman*, 57 Haw. 279, 554 P.2d 1137 (1976), the Hawaii Supreme Court held that in a single-car accident without eyewitnesses where a van failed to negotiate a fairly gentle curve to the right and, instead, crossed over the centerline and paralleled the road on the opposite side's shoulder for 225 feet before impacting a utility pole, killing both occupants, the trial judge correctly granted plaintiff's motion for judgment notwithstanding the verdict because the evidence inescapably compelled an inference of negligence.

In *Beck v. Kessler*, 235 Cal.App.2d 331, 45 Cal.Rptr. 237 (1965), the court held that the trial court properly granted a directed verdict on the issue of liability where the evidence showed that defendant struck plaintiffs' cab from behind, the cab was stopped at a red traffic light in the center of three lanes of traffic, no other traffic was in the vicinity, weather did not contribute to the accident and no obstacles obstructed defendant's vision. *See also, Vredeveld v. Clark*, 244 Neb. 46, 504 N.W.2d 292 (1993); *Andre v. Pomeroy*, 35 N.Y.2d 361, 320 N.E.2d 853, 362 N.Y.S.2d 131 (1974).

Here, defendants point to no other party's negligence as a possible causal agent, apparently maintaining that no one was negligent. An accident occurring without tortious conduct on anybody's part has been termed an "unavoidable accident." Restatement (Second) of the Law of Torts § 8. No reasonable jury could find that the accident at issue here was unavoidable. In order to so find, the jury would be required to conclude that the daily event of the sun's rising relieved the defendant of his duty under Arizona law to stay on the roadway. *See* A.R.S. § 28–721(A).

The only genuine issue of fact is whether the driver drove the bus off the roadway because the bus driver was asleep or because the bus driver was blinded by that morning's sunrise. Under either scenario, the bus driver was negligent. Therefore, this dispute is not material and plaintiff's motion for summary judgment on the issue of liability is GRANTED.

## PUNITIVE DAMAGES

Defendant Greyhound seeks summary

---

1. The parties have discussed the potential applicability of *res ipsa loquitur* ("the thing speaks for itself"). As Lord Shaw stated, "If that phrase had not been in Latin, nobody would have called it a principle." *Ballard v. North British Ry. Co.*, [1923] Sess.Cas., H.L., 43, *quoted in Prosser and Keeton on the Law of Torts*, § 38 at 244 n. 20 (5th ed. 1984). Because the Court has the benefit of the participants' explanations, an analysis of *res ipsa loquitur* is unnecessary.

judgment on the issue of punitive damages.[2]

### Facts

Unfortunately, the incident of September 10, 1993, was not the first mishap in which driver Roger White was involved.

During his employment with Greyhound and prior to this accident, Mr. White was involved in an accident which some passengers blamed on his falling asleep at the wheel.

Before being employed by Greyhound, Mr. White was employed by SuperShuttle. As a SuperShuttle driver, he was involved in numerous on-the-job accidents, at least two of which arose from his falling asleep at the wheel. After his last accident with SuperShuttle, on December 16, 1988, SuperShuttle restricted him from driving and demoted him to a cashier position. While working at this position, Mr. White was written up on several occasions for sleeping on the job. In fact, his poor driving record and his tendency to sleep at work made Mr. White the butt of cruel jokes at SuperShuttle.

Defendant Greyhound maintains that while it is obviously charged with knowledge of Mr. White's prior asleep-at-the-wheel accident as a Greyhound employee, it did not receive information concerning Mr. White's SuperShuttle accidents. Greyhound contracted with Arden & Associates to conduct the background investigation of all prospective employees required by federal regulation. While Arden & Associates did contact one previous employer, it apparently failed to contact SuperShuttle, listed on Mr. White's Greyhound employment application as his current employer. Plaintiff contends that when William Owens, then Area Manager of Safety and Security for Greyhound, reviewed Mr. White's personnel file on September 24, 1990, he should have noticed that SuperShuttle had not been contacted.

### Applicable Law

■ In order for plaintiff to recover punitive damages against Greyhound, plaintiff must establish that Greyhound acted with an "evil mind," that is, a state of mind characterized by an intent to injure or a conscious disregard of an "unjustifiable substantial risk of significant harm" to others. *Rawlings v. Apodaca*, 151 Ariz. 149, 161, 726 P.2d 565, 577 (1986). Plaintiff must prove this evil mind by clear and convincing evidence. *Linthicum v. Nationwide Ins. Co.*, 150 Ariz. 326, 332, 723 P.2d 675, 681 (1986). Circumstantial evidence may be used to meet this burden. *Thompson v. Better–Bilt Aluminum Prod. Co.*, 171 Ariz. 550, 555, 832 P.2d 203, 210 (1992).

### Discussion

■ Defendant Roger White negligently operated his Greyhound bus, resulting in injury to plaintiff. If Mr. White did fall asleep, it was at least the fourth time he had done so while operating a public transport vehicle. Greyhound had actual knowledge of one previous incident, because it employed him on that occasion.

Apparently, Greyhound did not have actual knowledge of Mr. White's previous SuperShuttle accidents, at least two of which involved falling asleep, because Arden & Associates failed to provide this information to Greyhound. Greyhound did know, however, that defendant White had worked for SuperShuttle and that Greyhound had received no report on Mr. White's driving record at SuperShuttle. This, coupled with the other factors present, is sufficient to defeat Greyhound's motion for summary judgment on the issue of punitive damages.

### Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment on this issue of liability **IS GRANTED** and defendants' motion for partial summary judgment on the issue of punitive damages **IS DENIED.**

2. Although plaintiff's complaint seeks punitive damages from both defendants and both defendants have moved for summary judgment on this issue, it is clear from the substance of the pleadings that defendant Greyhound is the only defendant charged with having the necessary culpable mental state. Therefore, the discussion of punitive damages refers only to defendant Greyhound as movant.